## ENGLISH v. RALSTON.

(Circuit Court, E. D. Pennsylvania. December 12, 1901.)

### No. 34.

1. JUDGES—CIVIL LIABILITY FOR JUDICIAL ACTS.

A judge of a court of superior or general jurisdiction is not liable to a civil action for a judicial act, and a prohibition by such a judge of the issuance of a copy of any of the courts' records or files is a judicial act, which affords no ground for an action for damages, whatever may be averred as to his motive or design in such action, and such allegations are therefore immaterial, and raise no issue; nor can an issue be made as to whether or not, in the doing of the act complained of, he acted as a judge, where the fact that he was such judge is shown or admitted.

2. PLEADING—SPECIAL PLEAS—PENNSYLVANIA STATUTE.

The Pennsylvania procedure act does not preclude a defendant from specially pleading the fact that he was a judge at the time of the commission of the act complained of, where such fact is a complete defense to the action, and renders the general issue inappropriate.

At Law. On motion to strike off special plea, and demurrer to replication thereto, and on defendant's rule to quash plaintiff's rule to take depositions.

J. W. M. Newlin, for plaintiff.

R. L. Ashhurst, R. C. Dale, and J. G. Johnson, for defendant.

DALLAS, Circuit Judge. Upon the suggestion of the court, the hearing on the plaintiff's motions to strike off the special plea, and the demurrer to the replication thereto, proceeded as if the demurrer

itself had been set down for argument. Accordingly, the demurrer has been fully considered, and, together with the defendant's rule to quash the plaintiff's rule to take depositions, which was argued at the same time, will now be disposed of.

The gravamen of the declaration is its allegation that the defendant prevented the plaintiff from obtaining a certified copy of the master's report and the testimony in a certain proceeding in the court of common pleas No. 5 of Philadelphia county, to which she, the plaintiff, was a party, and if it had appeared upon its face that the defendant, at the time of doing this, was a judge of that court, it would, in my opinion, have been demurrable. The prothonotary, no doubt, is the lawful custodian of such documents, but the prohibition by the court, or by any of its judges, of the issuance of a copy of any part of its records or files, is a judicial act, and therefore one from which no civil liability can result. If the plaintiff's statement had disclosed the defendant's official character, the immateriality of its averment that he had taken these papers into his "private custody" would also have been apparent. The law certainly does not make the prothonotary's custody of the archives of the court an exclusive one as against its judges, and, even if it did, it could hardly be argued, I think, that the mere fact that the papers in question in this instance were taken into the possession of the defendant caused any injury to the plaintiff. The gist of the complaint is, not that he took the report and testimony, but that he precluded the plaintiff from obtaining a copy of them, and, if this inhibition was not, of itself, an actionable wrong, his incidental assumption of the custody of the originals could not make it so. Nor would the averments which the narr. contains of personal designs and corrupt motive have remedied its fatal insufficiency, for "the judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Bradley v. Fisher, 13 Wall. 335, 351, 20 L. Ed. 646, 651. As was said by the supreme court in Randall v. Brigham, 7 Wall. 537, 19 L. Ed. 292, "if faithless, if corrupt, if dishonest, if partial, if oppressive or arbitrary, they may be called to account by impeachment, and removed from office. In some states * * * they may be removed upon the address of both houses of the legislature. But responsible they are not to private parties in civil actions for their judicial acts, however injurious may be those acts, and however much they may deserve condemnation."

Inasmuch, however, as the declaration did not show that the defendant was, at the time of the doing of the things charged, a judge of the court of common pleas No. 5 for the county of Philadelphia, it was incumbent upon him, when relying on that fact to conclude the action, to affirmatively plead it. This he has done by a plea in which there is also contained the superfluous but innocuous averment that what he did was done in his judicial capacity. If, therefore, the defendant shall make good his tender of proof that he was a judge as alleged, the conclusion he invokes will be inevitable,—"this court should proceed no further in the premises." It is objected, however,

that, because the plea is a special one, it is inadmissible under the procedure act of the state of Pennsylvania; but this objection is, in my opinion, not well taken. If the understanding of the Pennsylvania statute upon which it is based were correct, I would not require conformity with that statute, but, in the exercise of the discretion which section 914 of the Revised Statutes leaves to the courts of the United States, I would hold that this tribunal is not bound to adopt any mode of procedure which would preclude the defendant from specially pleading the definitive defense which is here interposed and force him to trial upon the general issue. But Pennsylvania courts of first instance (the point does not appear to have been ruled by its supreme court) have decided that the act in question did not, even as to them, abolish special pleas in cases where the general issue would be plainly inappropriate, and these decisions accord with my own judgment, and seem to me to be clearly applicable to the case in hand. Slatteny v. Railroad Co., 21 Wkly. Notes Cas. 556; Amheim v. Dye Works, 36 Wkly. Notes Cas. 32. The plea in question is therefore allowed. The replication is that the defendant by his own wrong, and without the cause by him in his said plea alleged, committed the said trespasses, etc., and this the plaintiff prays may be inquired of by the country. This replication is bad. It seeks a trial by jury to determine whether or not, in doing the things alleged against him, the defendant acted as a judge, and so to raise an untriable issue; for, if he shall maintain his special plea by showing to the court that he was a judge, he will have done all that is requisite to terminate the suit, and nothing will remain for inquiry by the country.

1. The plaintiff's motions to strike off are denied.

2. The demurrer to the replication is sustained, with leave to the plaintiff to file a substituted replication traversing solely the defendant's allegation that, at the time of the doing of the things in the statement charged, he was a judge of the court of common pleas No. 5 of the county of Philadelphia.

3. The defendant's rule to quash the plaintiff's rule to take the depositions of witnesses is made absolute.