TROXELL v. DELAWARE, L. & W. R. CO.

(Circuit Court, E. D. Pennsylvania. March 2, 1911.)

No. 1,220.

1. JUDGMENT (§ 948*)—RES JUDICATA—PLEADING.
Under the Pennsylvania practice a special plea of res judicata is proper.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1787–1794; Dec. Dig. § 948.*]

2. JUDGMENT (§ 670*)—RES JUDICATA—IDENTITY OF PARTIES.
Judgment, in a suit under a state statute brought by plaintiff in behalf of herself and her minor children for negligent death of her husband, bars a subsequent suit by her as administratrix, under Federal Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1172); difference in the capacity in which she sued not affecting the identity of the parties to the suit.
[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1185; Dec. Dig. § 670.*]

3. JUDGMENT (§ 585*)—CONCLUSIVENESS—IDENTITY OF ISSUES.
That a suit for negligent death, under Federal Employer's Liability Act April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. Supp. 1909, p. 1172), presents a different cause of action from that stated in a former suit under a state statute for such death does not prevent the former judgment operating as bar, where the material questions of fact supporting the new cause of action are the same as those involved in the former suit.
[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 585.*]

Action by Lizzie M. Troxell, Joseph D. Troxell's administratrix, against the Delaware, Lackawanna & Western Railroad Company. On motion to strike defendant's plea of res judicata. Motion overruled.

See, also, 180 Fed. 871.

George Demming, for plaintiff.
James F. Campbell, for defendant.

HOLLAND, District Judge. To an action in trespass brought by the plaintiff for the death of her husband while in the employ of and because of the alleged negligence of the defendant, the latter filed pleas of not guilty and res judicata. The motion of the plaintiff is to strike off the latter because improperly filed under the Pennsylvania Practice Act of 1887 (P. L. 1887, p. 272). It is, however, the practice of the state courts to allow such a plea. Rudolph v. Sturgis, 25 Pa. Co. Ct. 577; Amheim v. Dye Works, 36 Wkly. Notes Cas. 32. In the last case it was held that:

"Where the general issue is pleaded and also a special plea that this cause of action has been tried and disposed of in an earlier proceeding, the case is not to be placed on trial until the special plea, which is in effect a plea in abatement, has been either replied to or stricken off."

See, also, English v. Ralston (C. C.) 112 Fed. 272.

The parties to the above-entitled suit are identical with those in the suit instituted September 3, 1909, April Sessions 1909, No. 694. 180 Fed. 871. The plaintiff in that suit was Lizzie M. Troxell, who brought the action on behalf of herself and two minor children against

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

this same defendant to recover damage, under and by virtue of the act of the Legislature of Pennsylvania, authorizing a recovery for the wrongful death of her husband in an action to be brought by her for her benefit and the benefit of her minor children. The present action is instituted by her as administratrix under the Federal Employer's Liability Act of 1908 (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. Supp. 1909, p. 1172]), which requires the action to be conducted by the personal representative but for the sole benefit of the widow and minor children. Lizzie M. Troxell as administratrix in the present case represents the same identical parties that she represented in the former suit, and the fact that in the former suit she represented these same parties in her individual capacity and now represents them in her capacity as an administratrix is not sufficient to establish a difference of identity of parties to the suit.

"In determining who are parties, courts will look beyond the nominal party, and treat as the real party him whose interests are involved in the issue, and who conducts and controls the action or defense, and will hold him concluded by the judgment rendered; where the real parties are substantially the same in both cases, or where the parties to one were parties by representation to the other, the former judgment is conclusive." Taylor v. Cornelius, 60 Pa. 187; Pepper & Lewis' Digest of Decisions, vol. 10, p. 16,-849; 23 Cyc. 1215.

It is true that, in order that a party may be bound by a former judgment, it is not only necessary that he should have been a party to both actions, but he must appear in both in the same character or capacity. A suit or defense in his individual capacity in one action is not binding in another, if he appears in the latter in a representative character, such as guardian or next friend, because he then in fact represents different parties; but where, as in this case, Lizzie M. Troxell represented the same parties in her individual capacity, under the Pennsylvania act, that she now presents in this suit in her capacity as administratrix, under the federal act, there is an identity of parties in both suits. 23 Cyc. 1243, 1244.

There is, however, a new and different cause of action set forth in the case at bar, arising under the Federal Employer's Liability Act of 1908, from that stated in the same plaintiff's statement of claim in the prior suit. The averments in the statement of claim filed in the prior suit referring to interstate commerce, etc., were regarded as surplusage, and the case was considered upon the facts properly pleaded, under the Pennsylvania act. In the case at bar, the statement is an exact copy of the statement in the former suit; but the averments which bring the present case within the requirements of the federal statute, and which were regarded as surplusage in the former suit, are material here and make a new and different cause of action. Allen v. Tuscarora Valley Railroad Co., 229 Pa. 97, 78 Atl. 34. It is, however, very evident from the statement in the present case that the material questions of fact supporting this new cause of action, which will necessarily be litigated in the present suit by the same parties who appeared in the former suit, are the same as those which were involved and passed upon in the former suit, and which have been determined against the plaintiff, so that, the facts relied upon in this

new cause of action by the plaintiff having been decided against her, the plea of res judicata is a bar to this suit. · Southern Pacific Co. v. U. S., 168 U. S. 1, 48, 18 Sup. Ct. 18, 42 L. Ed. 355; Cromwell v. County of Sac., 94 U. S. 351, 24 L. Ed. 195; Stradley v. Bath Portland Cement Co., 228 Pa. 113, 77 Atl. 242.

Motion of the plaintiff to strike off the plea of res judicata is overruled.