# Wheeling.

## THE CITY OF WHEELING vs. A. S. TROWBRIDGE et ux.

### July Term, 1872.

1. Where an action is brought by the husband and wife for a wrong to the wife, there can be no recovery for what is special damages to the husband.

2. The wife may join with the husband where she is the meritorious cause of action, and where the right of action would survive to her if the husband died before the amount of damage was received. Otherwise, where the husband alone is entitled to damages, and in case of his death they would go to his personal representative.

3. In this case one count alleged special damages to the husband; another count alleged a case in which the wife was the meritorious cause of action. A demurrer should have been sustained, because the different causes of action were united, and the damages could not be severed.

4. The wife could not be a witness for the husband as to the special damages but was properly a witness as to the general damages; she being the meritorious cause of action, and in the event of the husband's death the right of action surviving to her.

This was an action of trespass on the case, brought to September rules, 1870, in the circuit court of Ohio county. Verdict and judgment for the plaintiffs for one thousand five hundred dollars, June term, 1871.

The first count in the declaration averred that by reason of defects in the pavement and sidewalk of the defendant, the female plaintiff was injured by a fall, &c., whereof the husband was deprived of the society, assistance, &c., of the wife, and was obliged to expend large sums of money in her recovery, &c., to-wit, the sum of five hundred dollars.

The second count contained the same averments as the first, except it did not allege damages for the loss of society, &c.

The third count alleged injuries simply to the female plaintiff, whereby the plaintiffs were damaged five thousand dollars.

45

354     COURT OF APPEALS OF WEST VIRGINIA.

July Term,     City of Wheeling vs. Trowbridge et ux.     1872

There was a general demurrer to the declaration and to each count thereof, which was overruled.

There was a bill of exceptions taken on the trial, by the defendant, because the court permitted the female plaintiff to testify in the cause.

The defendant brought the case here for review.

C. W. B. Allison for plaintiff in error.

John E. McKennan and N. Richardson for defendants in error.

MOORE, J. It seems, from the weight of authority, to be the established principle, where the action is by husband and wife for a wrong to the wife, there can be no recovery for what is special damage to the husband; and as stated in 1 Chitty's Pleading, side page 34. "Care should be taken that the declaration does not embrace a cause of action which affords the husband only a right to sue. Therefore where husband and wife declared for a debt due for a cure effected by the wife during their marriage, and the declaration also contained a charge for medicines supplied," upon general demurrer it was objected that the wife could not join, for that she was not the sole cause of action, because the medicines were the husband's own property, and the damages could not be severed, and of that opinion was the court." The wife may join with the husband where she is the meritorious cause of action, and where the right of action would survive to her, if the husband died before the amount of damages was received. But where the husband alone is entitled to the damages, and in case of his death they would go to the personal representative, then the husband should sue alone. In this case the husband claims special damages for the loss of the society and comfort, assistance, &c., of his wife, and for money laid out and expended by him in and about the endeavoring to heal and cure her. Under the authority of Dengate and Wife vs. Zardiner, 4 M. & W., 6, cited in 3 Rob. New Practice, page 192, it would seem the wife could not join the husband in the recovery of such damages. The third count clearly shows a right of action in which both properly joined, she being the meritorious cause of action, and the damages would survive to her. But these different causes of action being

united in this action, I think it improper becausthe da
ages could not be severed. I am therefore of opinion, the de-
murrer should have been sustained. The judgment should
therefore be reversed, the demurrer sustained, and the cause
remanded to the circuit court that the declaration may be
amended and the cause proceeded in.

The wife could not be a witness for the husband as to the
special damages, but was properly a witness as to the general
damages, she being the meritorious cause of action, and in
case of the husband's death the right of action surviving
to her.

As to the other points in the case, so ably argued by both
parties, the authorities are conclusively in favor of the
plaintiffs.

But for the reasons stated on demurrer the judgment must
be reversed.

The other judges concurred.

JUDGMENT REVERSED.