HENRY P. DUFFY, Respondent, *vs.* HOWARD GRAY, Appellant.

1. *Practice, civil—Slander—Partners—Joint judgment—Individual suit—Bar.*
—A joint judgment, procured by partners in business in a slander suit, is no
bar to a several suit by one of the partners on the same cause of action.

*Appeal from St. Louis Circuit Court.*

*Krum & Patrick,* for Appellant.

I. A party can have but one satisfaction for the same wrong.
(Thomas vs. Rumsey, 6 Johns. 26 ; Webb vs. Cecil, 9 B. Monroe, 198.)

II. The record showing recovery and satisfaction in the former case, was competent evidence in this case in mitigation of damages.

*Lee & Adams,* for Respondent.

Partners, as a partnership, cannot recover in slander for injury to their private feelings and personal character, but only for damages to their joint trade or business. (Collyer on Partnership, § 680 ; Story on Partnership, §§ 256, 257 ; Townsend on Slander, 381 ; Selwyn's Nisi Prius, p. 1260 ; Taylor vs. Church, 1 E. D. Smith, 287 ; Townsend on Slander, 201.)

ADAMS, Judge, delivered the opinion of the court.

This was an action for slander. The actionable words charged in the petition are, "Duffy & Kincer are damned thieves and swindlers."

Duffy & Kincer were partners, doing business as merchants under that name, the individual members being, plaintiff and one Abner Kincer. They had brought a joint action against the defendant for injury to their business on account of these words, and recovered a judgment for one dollar and costs, which had been paid by the defendant.

The defendant set up this former recovery and satisfaction, as a bar to this action.

On the trial the court ruled out this defense, and this ruling of the court presents the only material point for our consideration.

In my judgment, the former recovery and satisfaction were

not admissible, either as a bar, or in mitigation of damages. This action is for a personal injury to the character of the plaintiff, and the former suit was for a joint injury to the trade and business of the firm of "Duffy & Kincer." The members of the firm could have no legal interest whatever in the personal character of each other.

The slander to the individual character of each member of the firm could not be a joint tort. It was necessarily a separate and distinct injury, for which a several, and not a joint action, could be maintained. (See also, Townsend on Slander, §§ 185 and 303; Haythorn et al. vs. Lawson, 3 C. and P., 196.)

The only damages the partnership could have recovered was for the injury to their joint trade and business. (See Col. on Part., § 680; Story on Part., §§ 256, 257; Townsend on Slander, 381.)

Let the judgment be affirmed; Judge Wagner absent, the other Judges concur.

