HON. TIMOTHY P. REDFIELD,
HON. JONATHAN ROSS, } ASSISTANT JUDGES.
HON. H. HENRY POWERS,

---

GEORGE T. BRADLEY, ADMINISTRATOR OF THE ESTATE OF FRED G. BRADLEY, *v.* HERBERT ANDREWS.

*Survival of Actions under s. 11, c. 52, Gen. Sts. Former Recovery. Exemplary Damages.*

On the death of the plaintiff in an action for the recovery of damages for bodily injury occasioned by the act or default of the defendant, the action survives under s. 11, c. 52, Gen. Sts., and may be prosecuted to final judgment by plaintiff's administrator.

A former recovery by the father for loss of service, &c., of his minor son, consequent on bodily injuries occasioned by the defendant, is no bar to a recovery by the father as administrator of the son, of such damages as the son himself might have recovered; and herein he may recover exemplary damages.

CASE for negligence in discharging a Roman candle. Plea, general issue, and trial by jury, May Term, 1878, BARRETT, J., presiding.

It appeared that on the evening of Saturday, July 3, 1875, the defendant, a lad thirteen or fourteen years old, was discharging fireworks in the street in the village of Woodstock, in presence of a large crowd, when, some of the smaller boys in the crowd having gathered so close to the defendant as to obstruct the view of others who were further off, some one called out to them to stand back, whereupon the defendant, who was in the act of discharging a Roman candle, said he would "scatter them," and, depressing the candle, fired a ball into the crowd, hitting the plaintiff's son and inflicting a severe wound from which he suffered great pain, and from which he had not fully recovered when he died in the fall of 1876. An action was thereupon brought by the plaintiff for loss of service, &c., and judgment was recovered in May, 1877. This action was brought in the name of the son by the plaintiff as next friend, to recover for the pain, &c. On the death of the son the plaintiff took out administration and entered to prosecute.

After the evidence was all in, the defendant moved to dismiss, for that the matter was adjudicated in the action for loss of service, and that the action did not survive under the statute; and claimed that if the action did survive, the plaintiff could recover at most only nominal damages. But the court overruled the motion, to which the defendant excepted.

The court charged that if the plaintiff recovered, he could recover for all the pain, suffering, and personal inconvenience that the son suffered in consequence of the injury complained of, and, after instructing the jury as to the nature of exemplary damages, charged that the plaintiff could recover such damages, if the act in question was done so wantonly, or recklessly as to bring the case in that respect within the rule applied to such cases. To that portion of the charge that related to the question of actual damages, the defendant excepted, but stated no ground of exception.

Verdict for the plaintiff for $200.

*Norman Paul*, for the defendant.

The plaintiff cannot maintain this action except under the statute. At common law the death of either party in personal ac-

tions abated the suit. The rule has always been, *actio personalis moritur cum personœ.* 3 Bl. Com. 302. In determining whether the case comes within the statute, recourse must be had to the rules laid down by the courts in giving construction to statutes. " The true rule for the construction of statutes is, to look to the whole and every part of a statute, and the apparent intention derived from, the whole ; to the subject-matter ; to the effects and consequences ; and to the reason and spirit of the law ; and thus ascertain the true meaning of the legislature, though the meaning so ascertained conflict with the literal sense of the words." ALDIS, J., in *Ryegate* v. *Wardsboro,* 30 Vt. 746. All that was intended by the statute was, to give the right to maintain an action in cases for bodily hurt or injury, when the party had suffered some pecuniary loss, such as loss of time and expenses incurred in effecting a recovery, which would tend to impoverish his estate. Gen. Sts. c. 52, s. 13 ; *Needham* v. *Grand Trunk Railway Co.* 38 Vt. 294 ; *Whitcomb's Admr.* v. *Cook,* 38 Vt. 477 ; Sedgw. Dam. 651, 652 ; *Kearney* v. *Railroad Co.* 9 Cush. 108.

The plaintiff was not entitled to exemplary damages. *Tilley* v. *Hudson River Railroad Co.* 24 N. Y. 271 ; *Dickens* v. *New York Central Railroad Co.* 23 N. Y. 158 ; *Earl* v. *Tupper, supra ; Crain* v. *Hadley,* 48 N. H. 191 ; *Bromberger* v. *Cleis,* 4 Am. Law Reg. 587 ; Sedgw. Dam. 522, 537 ; Shearm. & Redf. Negl. 674.

The court should have told the jury to limit the verdict to the physical pain suffered. *Alexander* v. *Blodgett,* 44 Vt. 476 ; *Earl* v. *Tupper,* 45 Vt. 275 ; *Boardman* v. *Goldsmith,* 48 Vt. 403 ; *Snow* v. *Carpenter,* 49 Vt. 426 ; *Brothers* v. *Morris,* 49 Vt. 460 ; *Brooks* v. *Thacher,* 49 Vt. 492.

*W. C. French,* for the plaintiff.

The motion to dismiss is settled by the terms of the statute — " for any bodily hurt or injury." Gen. Sts. c. 52, s. 11 ; *Whitcomb's Admr.* v. *Cook,* 38 Vt. 477.

If the action survives, the right to actual damages follows as a matter of course. Exception was taken to the charge only for the allowance of any damage. None was taken on the ground of

exemplary damages. But the plaintiff is entitled to exemplary damages. *Earl* v. *Tupper*, 45 Vt. 275.

The opinion of the court was delivered by

Ross, J. This action was commenced by Fred. G. Bradley when in life to recover for personal injuries inflicted by the act of the defendant. On his decease the plaintiff was appointed administrator on his estate, and entered to prosecute the suit. The plaintiff also, as the father of Fred. G. Bradley, who was a minor at the time of the injury, brought a suit against the defendant, to recover for the loss of service and expense of caring for and healing the son, in which there has been judgment for the plaintiff. It is now contended that this action died with the intestate, and does not survive to his administrator. Section 11, c. 52, Gen. Sts., provides: " If, in any proper action now pending, or which may hereafter be commenced, for the recovery of damages for any bodily hurt or injury occasioned to the plaintiff by the act or default of the defendant or defendants, either party shall decease during the pendency of such action, such action shall, nevertheless, survive, and may be prosecuted to final judgment by or against the executors or administrators of such deceased party." This language is clear and explicit. There is no occasion to invoke the rules of construction which apply when the language of the statute is ambiguous, or when a literal construction of the language of the statute would work a result manifestly contrary to the intention of the Legislature and the scope of the statute. It has already been held by this court in *Whitcomb* v. *Cook*, 38 Vt. 477, and in *Earle* v. *Tupper*, 45 Vt. 275, that such actions survive by force of this statute to the administrator or executor of the injured person, and that such administrator or executor can recover therein all the damages, including exemplary damages —in a case proper for the recovery of such damages—which the deceased could have recovered if in life. These decisions are conclusive of the plaintiff's right as administrator to prosecute this suit, and to recover damages therein to the same extent which the intestate could have done. The intestate, being a minor, could not have recovered anything for loss of service or for expenses of nursing

Bradley, Admr. *v.* Andrews.

and medical treatment. Hence, the recovery by the plaintiff, as the father, for such items of damage, in a former suit, can be no bar to his recovery as administrator in this suit, of such damages as the intestate himself could have recovered. The intestate could have recovered all the actual damages occasioned to him personally by the injury inflicted by the defendant. These would include the pain, suffering, and physical inability and inconvenience occasioned by the injury. The County Court limited the plaintiff to the recovery of these damages alone. That it did not, unrequested, also charge the jury that nothing could be recovered for loss of service or expense of nursing and medical treatment, was not error. It is not to be presumed, inasmuch as the exceptions are silent on this point, that evidence of the latter class of damages was admitted. If admitted without objection, it was not necessarily the duty of the court, unrequested, to charge the jury that such damages could not be recovered. It was sufficient that the court clearly and distinctly pointed out the kind of damages for which compensation could be recovered. Error is not to be presumed, but must appear from the exceptions. The legal presumption is, that the proceedings are regular and correct until the contrary is made to appear. It is not claimed that the court did not correctly charge the jury in regard to exemplary damages, if recoverable at all. That they may be recovered in this class of actions is decided by *Earl* v. *Tupper, supra.*

*Judgment affirmed.*