(Decided 10th December, 1886.)

---

WILLIAM HEMMING, and ALICE A. HEMMING, his Wife *vs.* FRANCIS M. ELLIOTT.

*Action of Slander—Sec. 4, of Art. 89, of the Code—Husband and Wife—Misjoinder of Parties—Arrest of Judgment.*

Section 4, of Article 89, of the Code, confers upon the husband the exclusive right of action for words maliciously spoken of his wife, subsequent to the marriage, touching her character or reputation for chastity previous to her marriage; and the joining of the wife as co-plaintiff with the husband in such action is a misjoinder, and furnishes a sufficient cause for arrest of judgment.

Where the action is brought for several slanders spoken at different times, and are laid in several counts, and the action will not lie for the words set out in one of the counts, but will lie for the words declared on in the other counts, and there is a general verdict without distinction of counts, assessing entire damages, the judgment will be arrested.

APPEAL from the Circuit Court for Garrett County.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, and BRYAN, J.

*Ferdinand Williams,* for the appellants.

*William Brace,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

This was a joint action brought by husband and wife for slander of the wife by the defendant. The several slanders complained of are alleged to have been spoken of the wife since her marriage, but impute to her the want of chastity before marriage, and while she was a *fême sole.*

The declaration contains five counts, charging slanders of different dates. The first count is for words charging the female plaintiff with having had a child just before she was married to her husband, and while she was a *fême sole;* and the other four counts proceed for words that impute to the wife (in two of the counts, by explicit terms, and in two other counts by innuendoes,) the having had a negro child, or a child by a negro man, before she was married, and while a *fême sole.* The case was tried upon the general issue plea of not guilty, and after verdict for the plaintiffs, the defendant moved in arrest of judgment, 1st, for misjoinder of parties, and, 2nd, for misjoinder of counts; and the Court below arrested the judgment, entered judgment for the defendant, and it is from that ruling that this appeal is taken.

At the common law, it has been a long established doctrine, that no mere words of mouth, no matter how gross, imputing the want of chastity to a female, whether married or unmarried, will support an action for slander, without allegation and proof that such defamation has actually produced some special temporal damage to the object of the slander. This principle was founded in the fact that such imputation did not involve the charge of the commission of any crime punishable in the temporal Courts, but only an offense cognizable in the spiritual Courts. And this rule, though having its origin in a harsh and unrefined state of the law, has been recognized and acted upon by this Court upon more than one occasion,

as it has been by other Courts of the highest authority. *Stansfield vs. Boyer*, 6 *H. & J.*, 248 ; *Wagamon vs. Byers*, 17 *Md.*, 183 ; *Griffin vs. Moore*, 43 *Md.*, 246 ; *Brooker vs. Coffin*, 5 *Johns.*, 188 ; *Welby vs. Ebston*, 8 *C. B.*, 142; *Lynch vs. Knight*, 9 *Ho. L. Cas.*, 577, 593.

The injustice of this severe rule of the common law being felt, the Legislature of this State, in 1838, for the purpose of changing the rule to a certain extent, passed the Act, entitled " An Act to protect the reputation of unmarried women," and which has been embodied in the Code, as Article 89.

By the first section of this Article of the Code, it is provided that all words spoken maliciously touching the character or reputation for chastity of a *féme sole*, and tending to the *injury thereof*, shall be deemed slander in the Courts of this State.     The second section declares, that any such *féme sole*, whose character or reputation as a woman of chastity may be traduced or defamed by any person, may sustain an action of slander against such person ; and by the third section, if such *féme sole* be under the age of twenty-one years, she may maintain the action by her *prochein ami*.   But by the fourth section it is provided, that " The husband of any female may prosecute and sustain an action of slander against any person for words maliciously spoken *subsequent* to the marriage of such female, touching the character or reputation for *chastity* of said female, *previous* to her marriage."   These are all the provisions of the statute that have been embodied in the Code, and they do not seem to provide for the case of a *joint* action by husband and wife for words spoken *after* the marriage, in respect to the want of *chastity* of the wife *before* marriage.

The first three sections of the statute, having reference to slander uttered to the injury of *unmarried* women alone, do not apply to this case.   The words laid in each count of the declaration are laid as having been uttered

*after* the marriage of the plaintiffs, but refer to or touch the character or reputation of the female plaintiff for chastity *previous* to her marriage. Each count, therefore, presents a case falling directly within the terms of the fourth section of the statute; and treating the words alleged as simply imputing a want of *chastity*, that section regards the husband as the injured party, and confers upon him the exclusive right of action. Such being the case, there was, therefore, a clear misjoinder of the wife, as co-plaintiff with the husband, and this furnished a sufficient legal cause for the arrest of the judgment. *North Cen. R. R. Co. vs. Mills,* 61 *Md.,* 355, 359; 1 *Chitt. Pl.,* (16*th Ed.,*) 83, 85, and cases there cited; *Saville vs. Sweeny,* 4 *B. & Adol.,* 514. The last case cited, that of *Saville vs. Sweeny,* is in principle specially applicable, and is quite conclusive upon this point.

But it is contended by the plaintiffs, that though the first count may not show such a cause of action, under the statute, as would justify the husband and wife in joining in the suit, yet the remaining counts of the declaration set forth good causes of action at the common law, for which husband and wife may join, inasmuch as the words laid impute to the wife, before her marriage, the crime of permitting herself to be gotten with child by a negro man, which, upon conviction, would subject her to corporal punishment, by the law of this State (Code, Art. 30, sec. 151,); and they contend that they ought to have judgment in respect to these counts. But this contention cannot be sustained.

It may be conceded that the counts in question allege causes of action at the common law, as doubtless they do, entitling the husband and wife to sue jointly—indeed requiring their joinder to maintain the action—according to the principles of the common law (1 *Chitt. Pl.,* 83,); but still the objection to the declaration remains, because of the misjoinder, both as to parties and the causes of action.

The first count states a cause of action for which the husband alone can sue, under the statute, and the other counts state causes of action upon which a joint action may be sustained by husband and wife, irrespective of the statute. In such case, the jury having found for the plaintiffs generally on the whole declaration, without distinction of counts, and assessed entire damages, the judgment, if rendered thereon, must be entire; and as it is impossible to say in respect to which count the verdict was found, the misjoinder rendered it improper to enter judgment upon the verdict, and therefore the judgment was properly arrested. 1 *Chitt. Pl.*, (16th *Ed.*,) 228, 426; *Corner vs. Shew*, 4 *M. & W.*, 163; *Kitchenman vs. Skeel*, 3 *Exch.*, 49.

It would seem to be a settled principle, in actions for slander, that where the words are laid as having been spoken all at one time, and are set forth in one count, and there is a verdict for the plaintiff, though some of the words will not maintain the action, yet if any of the words will, the damages may be assessed generally; for in such case it will be intended that the damages were given in respect to the words which are actionable, and those that are not will be regarded as having been stated simply in aggravation. But where the action is brought for several slanders spoken at different times, and are laid in several counts, as in this case, and the action will not lie for the words set out in one of the counts, but will lie for the words declared on in the other counts, and there be a general verdict, assessing entire damages, as in the case before us, the judgment will be arrested. For this the authorities would seem to be clear and without conflict. *Hambleton vs. Vere*, 2 *Wms. Saund.*, 171d, *note* 1; *Add. on Torts*, 823; *Griffiths vs. Lewis*, 8 *Q. B.*, 852; *Alfred vs. Farlow, Ib.*, 863. It follows that the judgment must be affirmed.

*Judgment affirmed.*

(Decided 10th December, 1886.)