ABBIE L. RICARDO AND NORTON C. RICARDO, HER HUS-
BAND, v. NEWS PUBLISHING COMPANY.

Submitted December 7, 1904—Decided November 29, 1905.

A declaration which joins in one count a cause of action by a mar-
ried woman for the publication of a false and malicious state-
ment concerning her separate real estate with a count for dam-
ages to both husband and wife by reason of a publication of a
false and malicious statement as to the wife personally is bad on
demurrer.

On demurrer.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON,
GARRETSON and REED.

For the plaintiffs, *Peter J. McGinnis.*

For the defendant, *John B. Humphreys.*

The opinion of the court was delivered by

GARRETSON, J. This is a demurrer to a declaration con-
taining two counts. In the first count it is alleged that Abbie
L. Ricardo, wife of Norton C. Ricardo, was the owner in fee
of certain real estate consisting of a plot of land with a build-
ing erected thereon, which building was used for tenement
purposes and was divided into separate apartments to be
rented or let to persons desiring to dwell therein, or which
had been rented or let for that purpose, which building was
known as the "Ricardo Flats;" that the defendant, contriv-
ing and wrongfully and maliciously intending to injure the
plaintiff, and to induce those who had already rented or let
the said building or apartments not to continue to rent or
let the same and not to pay rent for them, and to induce
those who desired or intended to rent or let the said building
or apartments not to do so, and to bring said building and
apartments into infamy and disgrace, and thereby deprive the

said plaintiff of all profits, &c., from said premises, building and apartments, "did falsely and maliciously print and publish and cause to be printed and published in a certain daily newspaper commonly called the 'Passaic Daily News,' owned and published by the defendant, and having an extensive and wide circulation, the false, wicked, malicious and defamatory libel containing false, scandalous and libelous matter concerning the said premises, building and apartments, and the appurtenances thereto, of and belonging to the plaintiff; that is, to say, in large headlines, 'here sanitary dangers lie,' thereby meaning that in and throughout the said premises, building and apartments there existed sanitary dangers which exposed to risk and danger the lives of those dwelling in the building or apartments aforesaid, and that a nuisance existed and was allowed to exist therein," and goes on to set out with innuendoes the article in question. Immediately following is a denial of the truth of the article, and then the allegation of damages that, by means of the committing of the several grievances by the defendant, divers persons who were then and there about to rent or let, or who had let and rented the said premises, building and apartments, and who would have otherwise rented and occupied the same, were then and there deterred from so doing, and from thence hitherto have respectively wholly declined to rent, let or occupy the same, and thereby the said plaintiff was then and there hindered and prevented from renting or letting the said premises, building and apartments, or any part thereof, and has thereby lost and been deprived of all the advantages, emoluments, rentals and rewards which she might and would have derived and acquired from the letting or renting thereof; and by means of committing the said grievances, divers persons who had been renting or letting the premises or apartments, or a part thereof, have declined and refused to continue to rent, let or occupy the same, whereby the plaintiff has lost rentals which she would have derived from the continuing of the renting and letting, and by means of the committing of the said grievances the reputation and character of her said premises, building and apartments have been ruined and injured

and brought into infamy, so that divers persons who were about to or had rented and let the said premises and apartments did believe and still believe that the imputations, assertions and libelous matters were true; and the count concludes with the allegation wherefore the said plaintiffs, Abbie L. Ricardo and Norton C. Ricardo, her husband, say they have been injured and sustain damages to the amount of $5,000.

The second count sets forth that the defendant is a corporation of New Jersey; that the plaintiff Abbie L. Ricardo, wife of Norton C. Ricardo, was and is a good, true, honest and faithful citizen and resident of New Jersey, and conducted herself and was always esteemed to be a person of good name, fame and credit; that the plaintiff was known to be the owner of the Ricardo flats used for tenement purposes, which she had or intended or desired to let to tenants, and for which she received or desired to receive rental, and that she as owner managed and controlled the same and always kept them in a clean, healthful and sanitary condition and manner, and in orderly, proper and legal manner and condition; that the plaintiff had never been guilty of or suspected of being guilty of offences and misconduct mentioned to have been charged against and imputed to the said plaintiff, or of any other offences or misconduct; that the defendant owned a daily newspaper called the "Passaic Daily News," published at Passaic, having an extensive circulation, and composed and published and caused to be printed and published of and concerning the plaintiff a certain false, scandalous, malicious and defamatory libel, setting out the article at length with innuendoes, and alleging that by means of the grievances set forth the plaintiff is and has been greatly injured in her name, fame and credit, and has been held up to public ridicule and disgrace, and has been brought into public scandal and infamy among her neighbors and others so that divers of these neighbors and others have suspected and still do suspect the plaintiff to have been guilty of the misconduct and improper actions published as aforesaid,

and have refused to have any transactions with the plaintiff, to the plaintiff's damage $5,000.

The first count in the declaration sets forth the publication of a false and malicious statement concerning the separate real estate of the plaintiff Abbie L. Ricardo.

The second count sets out the publication of an article alleged to be a libel upon the same plaintiff personally.

The plaintiff demurred to the first count in the declaration that it was improper to join the husband with the plaintiff in an action for damage to her separate real estate.

Notice of misjoinder of the plaintiff was given as required by the Practice act of 1903, section 36. *Pamph. L., p.* 544.

The defendant's first ground of demurrer to the first count is that the husband is not a proper party to the action therein set forth.

In an action for damages to a married woman with respect to her separate property, it is not proper to join her husband with her in the action. *Gen. Stat., p.* 2014, § 11; *Lehman* v. *Hauk,* 13 *Vroom* 206.

But this defect is one of form and not of substance, and should be taken advantage of by motion to strike out, and not by demurrer. *Van Horne* v. *Central Railroad Co.,* 9 *Vroom* 133.

It is also alleged as a ground of demurrer to the whole declaration that it contains two separate and distinct causes of action, one vested solely in the plaintiff Abbie L. Ricardo, and the other in the plaintiffs jointly.

The second count is for a tort to the wife, and in this count the husband is properly a party, but it is joined to the first count, to which the husband is not a proper party, and so the declaration contains two distinct causes of action, one vested solely in the female plaintiff and the other in the plaintiffs jointly.

This renders the whole declaration bad. Misjoinder of counts will support a demurrer to the whole declaration. *Topf* v. *West Shore and Ontario Terminal Co.,* 17 *Vroom* 34.

This conclusion renders unnecessary a consideration of the other grounds of demurrer specified.

There will be judgment for the defendant on demurrer.