FREEMAN v. HARRISON et al.†

(Court of Civil Appeals of Texas. Texarkana. Jan. 31, 1912. Rehearing Denied Feb. 8, 1912.)

1. DAMAGES (§ 132*)—PERSONAL INJURIES— EXCESSIVE DAMAGES.

A verdict of $15,000 for injuries to a boy 13 years old, necessitating the amputation of his right arm about two inches above the elbow, will not be disturbed as excessive, in the absence of anything indicating passion or prejudice.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385; Dec. Dig. § 132.*]

2. NEW TRIAL (§ 163*)—VERDICT—JOINT ACTION.

Where a father brought an action in his own behalf for injuries to a minor child and as next friend of the child, and the jury rendered separate verdicts for each cause of action, and the verdict rendered for the father in his own behalf was, at his request, set aside, the error, if any, in such verdict, did not affect the verdict in favor of the child.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 330–332; Dec. Dig. § 163.*]

3. ACTION (§ 53*)—INJURY TO CHILD—SPLITTING CAUSES.

The right of a minor child sustaining a personal injury negligently inflicted to sue therefor and the right of his father to sue are distinct, and a separate suit on behalf of each may be prosecuted.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 549–623; Dec. Dig. § 53.*]

Appeal from District Court, Smith County; R. W. Simpson, Judge.

Action by E. V. Harrison, on his own behalf and as next friend for his minor child, Ernest Harrison, against Thomas J. Freeman, receiver of the International & Great Northern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Jno. M. King and Morris & Fowler, for appellant. Johnson & Edwards, for appellee.

WILLSON, C. J. Appellant, as receiver of the International & Great Northern Railroad Company, on September 3, 1910, controlled and operated said company's line of railway crossing East Locust street, in the city of Tyler. On the afternoon of that day, as Ernest B. Harrison, a boy 13 years of age, was driving in a buggy along said street and across said company's tracks, cars moving across said street on one of said tracks collided with the buggy, throwing him therefrom to the ground in front of the moving cars, which ran over him, and, besides otherwise injuring him, so crushed his right arm as to necessitate its amputation about two inches above the elbow. The collision was not due to any fault on the part of the boy, but was due to negligence on the part of appellant. On the trial of a suit for damages brought by his father, appellee E. V. Harrison, on his own behalf and as next friend for Ernest, the jury returned a verdict in favor of said E. V. Harrison in his own right

for the sum of $1,400, and in his favor as next friend for Ernest for the sum of $15,000. At the instance of said E. V. Harrison, the verdict in his favor in his own right was set aside, his suit so far as it was in his own behalf was dismissed, and a judgment was rendered in his favor as the boy's next friend for said sum of $15,000.

[1] Appellant insists that the verdict in favor of the father as next friend was excessive, and that the court below erred in refusing to grant him a new trial on that ground. We are not prepared to say that the action of the court was erroneous. The boy was entitled to recover a sum which would fairly compensate him for the injuries he suffered. The law imposed on the jury the duty to determine the sum, and it did not furnish them a rule by which to determine it. The law contemplated that the jury would determine it by an exercise of their best judgment, influenced alone by the circumstances of the case as shown by the testimony. In the absence of anything indicating the truth to be to the contrary, the trial court should have assumed that they did so determine it.

Appellant points to the amount of the verdict as evidence in itself that the jury in rendering it were "influenced by passion, or prejudice or some other improper motive," and cites cases as supporting its contention. Appellee, combating the contention, cites other cases as supporting a contrary view. We think verdicts and adjudications in other cases are of little, if any, value in determining such a question. If the circumstances of two such cases were the same, that a jury in one such case reached a conclusion different from that reached by a jury in the other would not necessarily, or even probably, indicate that the conclusion of either jury was due to improper influences; for men equally fair minded, equally anxious to be just, and influenced by the testimony alone might very well honestly differ as to what sum would fairly compensate a plaintiff who had suffered such injuries. But the circumstances of such cases are never in all respects the same, and for this reason the amount of a verdict in one is not entitled to very serious, if any, consideration, in determining whether the verdict in another is excessive or not. Suppose, for instance, each of two plaintiffs, respectively 13 years of age, was suing for the loss of his right arm. It would not follow because a jury found in favor of one for $10,000 and in favor of the other for $15,000 that the latter verdict was excessive. Each of such plaintiffs would be entitled to compensation for pain he had suffered. In determining the pain each had suffered a jury would have a right to consider his mental and physical characteristics, indicated by his temperament, etc.; for it cannot be doubted that, if one was of a sen-

---

sitive, nervous disposition, he would suffer more than the other, if the other were of a contrary disposition. So each of such plaintiffs would be entitled to compensation because of his decreased capacity to labor and earn money due to the loss of his arm. A jury, having both boys before them, might be justified in concluding that the loss to one on account of such decreased capacity would be greater than the loss to the other. To set aside their verdict because they did so conclude and find, it seems to us, would defeat the purpose of the law to have a jury to determine from all the circumstances of his case the sum which would fairly compensate such a plaintiff.

[2] It appears from a bill of exceptions that the jury agreed upon a verdict and returned same into court; that the foreman handed same to the trial judge, and, as he did so, inquired "if the jury," quoting from the bill, "could have itemized the damages allowed the father, and stating that he had the items going to make up said $1,400, whereupon the trial judge told him that it was not necessary, and noticing a piece of paper in the hand of said foreman which he took to be said items of damage to which said foreman had referred, said: 'Let me see your items of damages.' Said foreman then exhibited said slip of paper which contained upon it the following items: '$1,000, $100 horse and buggy, $300 medical bill.' The trial judge then stated to the jury that there was no evidence of medical expenses, and said foreman replied, 'Yes; there was, wasn't there?' The trial judge then stated that the petition claimed such damages, but no evidence was introduced upon that claim, and told the jury they had better retire and further consider their verdict. After the jury went back to their room, and as soon as they had, the trial judge stepped to the door and said to them: 'Gentlemen, you will find in my charge the only elements of damages you can consider in arriving at the amount you find for the elder Harrison. Please reread that part of the charge before you return your verdict'—and then closed the door. In about five minutes the jury came into court with the verdict as finally rendered, giving said sum of $15,000 to the son, Ernest B. Harrison, and $1,400 to the father, E. V. Harrison, and said verdict was received and accepted by the court."

[3] It will be noted that the verdict for $1,400 in favor of E. V. Harrison in his own right as first returned included $300 for medical expenses. And it will be noted that the verdict finally returned by the jury, after they had been informed by the court that they were not authorized to find anything in favor of said E. V. Harrison on account of medical expenses, was still for $1,400. Appellant insists that this indicated passion, prejudice, etc., on the part of the jury. It is not necessary that we should determine whether it did or not, so far as said E. V. Harrison's suit against appellant in his own behalf was concerned; for, as before stated, the verdict so far as it was in his favor was set aside, and he is before this court only in his capacity of next friend of his son. The right of Ernest to maintain a suit against appellant was quite distinct from that of his father. A separate suit on behalf of each could have been prosecuted. Had they sued separately, had their cases been separately tried to the same jury, and had the action of the jury complained of occurred on the trial of the father's case, we think it would not be seriously contended that it furnished a reason for setting aside a verdict in the son's case. That the two causes of action were tried together, instead of separately, by the same jury, did not, we think, furnish a reason, otherwise lacking, for setting aside the verdict in favor of the son.

The judgment is affirmed.