C. A. WALKER, DOING BUSINESS UNDER THE STYLE AND FIRM NAME OF LOUISIANA PRODUCE COMPANY, RESPONDENT, v. W. F. MANZKE, APPELLANT.*—10 S. W. (2d) 316.

St. Louis Court of Appeals. Opinion filed November 6, 1928.

*Corpus Juris-Cyc. References: Judgments, 34CJ, section 1166, p. 757, n. 70; section 1415, p. 996, n. 98; section 1417, p. 997, n. 9.

*May & May* for appellant.

*F. D. Wilkins* and *Hostetter & Haley* for respondent.

NIPPER, J.—This is an injunction suit brought by C. A. Walker, doing business under the firm name of Louisiana Produce Company, against W. F. Manzke.

The object and purpose of the suit was to restrain Manzke from engaging in a competitive business in Louisiana, Missouri, after he had sold his business to plaintiff, and had agreed not to engage in the same business in that town as long as plaintiff continued in business there. The court granted an injunction restraining defendant from engaging in the produce business as long as plaintiff continued the operation of his business and rendered a judgment against defendant for $125 damages for violating his contract.

After Walker had bought the business from Manzke he took one Joe Weber into the business with him as partner. Later, Manzke engaged in a competitive business in violation of the contract, and Walker and Weber brought an injunction suit against him. The court, after hearing the evidence, rendered judgment in favor of defendant and against plaintiffs. Later, Weber retired from the business, or his interest was purchased by Walker. Walker then made some effort to sell his business to Manzke, who refused to purchase. After Weber had retired from the partnership business with Walker, and the court had rendered judgment against them in that suit, Walker instituted this proceeding, alleging practically the same grounds for injunctive relief as was alleged before.

The defendant filed a motion to abate the action on the ground of former adjudication of the same cause of action, and filed an answer in the nature of a plea of *res adjudicata*. The trial court heard and considered the motion and the merits of the case together, and after

hearing the same, defendant's motion to abate the action was overruled and the issues were found in favor of plaintiff on the merits, and judgment was rendered in his favor as heretofore stated.

The principal question involved here on this appeal is whether or not the former adjudication of this matter between Walker and Weber as plaintiffs and Manzke as defendant is *res adjudicata* so as to prevent plaintiff from maintaining this action.

In our opinion the former judgment should have been successfully pleaded in estoppel of this action. The record discloses that the former suit was filed in the name of Walker and Weber, doing business under the style and firm name of Louisiana Produce Company. There is no allegation that they were partners, or engaged in a partnership business. They relied upon the same contract in their pleadings, and judgment was rendered for the defendant on the merits. In order that an estoppel may be raised successfully on a former judgment, it is necessary that the party sought to be bound should have been a party to both actions, and should have appeared in the same character or capacity. If the plaintiff had brought the former suit as an executor or an administrator, or in some similar capacity, he would not be barred in the present action, but such is not the case.

The petition in the former suit, which was introduced in evidence, does not even allege that Weber and Walker were partners. The answer was a general denial and there was judgment rendered for defendant on the merits.

In Jones v. Silver, 97 Mo. App. 231, 70 S. W. 1109, it is held that what is meant by identity of parties to a former suit, to be effective as a bar in a later suit, is not that all of the plaintiffs or all of the defendants to the former suit must be parties plaintiff or defendant in the later suit, but that some or all of the identical parties plaintiff, and some or all of the identical parties defendant, are made parties plaintiff and defendant in the later suit. It is, of course, true that in order that this former judgment may be pleaded in estoppel it must appear that the plaintiff appeared in the same capacity, but, we are inclined to the view that plaintiff did appear in the same capacity in this later suit.

There is nothing to indicate from the pleadings that he sued in the first instance in any different capacity to that in which he sued in the second instance. The judgment rendered in the first suit was a general judgment upon the merits of the case.

In 34 C. J., p. 757, it is stated in the text that where a former judgment on the same cause of action is pleaded in bar it is no objection to its operation as an estoppel that the former action included some parties who were not joined in the second action, provided the judgment was rendered upon the merits, and the party against whom the estoppel is set up was actually a party to the former litigation.

The cause of action is the same, and the parties plaintiff and defendant are identically the same, with the exception that one party plaintiff in the former action was left out of the later. We are not called upon to pass on the merits of the first suit because there was no appeal from the judgment rendered therein, but upon the record as now presented for our consideration, we are of the opinion that the court erred in overruling the plea in abatement, or former adjudication. For that reason, the judgment in the instant case is reversed. *Daues, P. J.,* and *Becker, J.,* concur.