Frank Biczan, Plaintiff, *v.* Samuel Weil and Others, Defendants.

Supreme Court, New York County, June 21, 1930,

*J. E. Levinson* [*H. Cohen* of counsel], for the plaintiff.

*Jemkins, Dimmock & Finnegan* [*William Dike Reed* of counsel], for the defendant.

Cotillo, J. Plaintiff's wife brought an action in negligence against the defendant, in which litigation the husband was not a party. The jury brought in a verdict in favor of the defendant. In this action brought by the husband for loss of services the defendant now attempts to set up the previous judgment in its favor as a bar. While there is something of logic in support of defendant's contention, nevertheless the authorities seem to be against it. The present plaintiff not having appeared in the former litigation, there has not been such an identity of parties as to constitute the verdict there *res adjudicata* against the plaintiff. It has been frequently held that a judgment in favor of a plaintiff for injuries sustained by reason of defendant's negligence may not be introduced in evidence in a subsequent action by her husband for loss of services. (*Groth* v. *Washburn*, 39 Hun, 324; *Nelson* v. *City of Troy*, 29 id. 173; *Berg* v. *Third Ave. R. R.*, 89 N. Y. Supp. 433; *Walker* v. *City of Philadelphia*, 195 Penn. St. 168.) There is no reason for a different rule in the case of a judgment against a plaintiff wife and in favor of the defendant. In such a situation, too, the judgment in favor of the defendant should not be competent in a subsequent suit by the husband against the same defendant. In fact such a state of facts was before the court in *Womach* v. *City of St. Joseph* (201 Mo. 467) and in *Duffee* v. *Boston Elev. R. R.* (191 Mass. 563). In the latter case the husband sued for loss of services caused by the wife's injury through defendant's negligence, and it was held that a judgment in favor of defendant in an action by the wife alone to recover for her injury was not conclusive against the husband's right to recover in this case. Quoting from *Sturbridge* v. *Franklin* (160 Mass. 149) the court said: " It creates no priority

between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the 'same facts." The motion to dismiss on the ground of a former adjudication is denied and the case ordered to proceed to trial. Case set for trial on October, 6, 1930, at the head of the Part XII calendar that day.·