# HENDERSON v. UNITED STATES RADIATOR CORPORATION.*

## No. 1252.

### Circuit Court of Appeals, Tenth Circuit.
### July 3, 1935.

*Writ of certiorari denied 56 S. Ct. 157, 80 L. Ed. —.

See, also (C. C. A.) 68 F.(2d) 87, 733.

G. Dexter Blount, of Denver, Colo. (Harry S. Silverstein and David Rosner, both of Denver, Colo., on the brief), for appellant.

Clyde C. Dawson, Jr., of Denver, Colo. (Pershing, Nye, Bosworth & Dick, of Denver, Colo., on the brief), for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

Louise Ezzell Henderson brought this action against the Radiator Corporation to recover damages upon two alleged causes of action. Both are predicated upon the same alleged negligence of the defendant. In her first cause of action plaintiff seeks to recover damages for destruction of her personal property, and in the second for injuries to her person. In its answer the defendant denied the alleged negligence. The cause was tried to the court on a written stipulation waiving a jury.

Prior to the institution of the instant action the plaintiff here, and her husband Pruett H. Henderson, had recovered a judgment against the defendant here for damages to real and personal property jointly owned by them, predicated upon the same negligence alleged in this action. Plaintiff alleged such judgment and offered to prove same at the trial of the instant case as conclusive on the issue of negligence under the doctrine of res judicata.

The proffered proof was rejected. Since no other proof of negligence was offered, the court found for the defendant and entered judgment accordingly. Plaintiff has appealed.

The doctrine of res judicata embodies two main rules which may be stated as follows:

(1) The final judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to a new action or suit upon the same cause of action either before the same or any other tribunal.[1]

(2) Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon the merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.[2]

The principle of the first rule is referred to as "bar by former judgment," and the second as "conclusiveness of judgment."

If two or more persons sustain injuries by the same wrong, a distinct right of action accrues to each, and separate actions may be maintained by each.[3A] The rule has been applied in cases where the persons injured were husband and wife.[3B]

Where different articles or kinds of property belonging to the same person are injured by the same wrongful act, it is generally held that there is but one cause

[1] Divide Creek Irrigation Dist. v. Hollingsworth (C. C. A. 10) 72 F.(2d) 859, 861, 96 A. L. R. 937; Tait v. Western Md. Ry. Co., 289 U. S. 620, 623, 53 S. Ct. 706, 77 L. Ed. 1405; Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195; Swift v. Jackson (C. C. A. 10) 37 F.(2d) 237, 240.

[2] Larsen v. Northland Trans. Co., 292 U. S. 20, 25, 54 S. Ct. 584, 78 L. Ed. 1096; Divide Creek Irrigation Dist. v. Hollingsworth (C. C. A. 10) 72 F.(2d) 859, 862, 96 A. L. R. 937; Tait v. Western Md. Ry. Co., 289 U. S. 620, 623, 53 S. Ct. 706, 77 L. Ed. 1405; Cromwell v. County of Sac, 94 U. S. 351, 353, 24 L. Ed. 195.

[3A] Duffy v. Gray, 52 Mo. 528; Karr v. Parks, 44 Cal. 46; Wilton v. Middlesex R.,

R., 125 Mass. 130, 133; Freeman v. Harrison (Tex. Civ. App.) 143 S. W. 686; Bradley v. Andrews, 51 Vt. 525; Southern Ry. Co. v. King (C. C. A. 5) 160 F. 332, 335, affirmed on other grounds 217 U. S. 524, 30 S. Ct. 594, 54 L. Ed. 868; Griffin v. Southern Ry. Co., 65 S. C. 122, 43 S. E. 445; Clancey v. McBride, 338 Ill. 35, 169 N. E. 729, 730.

[3B] Adams v. City of Duluth, 175 Minn. 247, 221 N. W. 8; Smith v. Warden, 86 Mo. 382, 399; Tuttle v. Everhot Heater Co., 264 Mich. 60, 249 N. W. 467; Southern Ry. Co. v. King, supra; Kovacs v. Mayoras, 175 Mich. 582, 141 N. W. 662, 665; Biczan v. Weil, 137 Misc. 517, 243 N. Y. S. 740; Priester v. Southern Ry. Co., 151 S. C. 433, 149 S. E. 226.

of action and only one action may be maintained therefor.[4]

Where plaintiff is injured both as to his person and his property by the same wrongful act, the authorities are in conflict, some holding there is one cause of action with merely different items or elements of damage,[5A] and others that the different injuries give rise to separate and distinct causes of action for which different actions may be maintained.[5B]

■■ A cause of action accruing to a person alone cannot be joined with one accruing to him jointly with another. Safford v. Miller, 59 Ill. 205. A cause of action which accrues to a husband and wife jointly cannot be joined with one which accrues to one or the other alone.[6]

■ Joint tenants must join in an action for damages to their joint property.[7]

Under the Colorado Code the plaintiff may unite in the same complaint causes of action for injuries to property or person "provided, they affect all of the same parties, both plaintiff and defendant, and affect them in the same character and capacity." Section 76, Colo. Code Civ. Proc. 1921.

■ It follows that the cause or causes of action in the instant case were separate and distinct from the cause of action in the former case, and that they could not have been joined in the same action.

We are therefore here concerned with the second rule, the principle of conclusiveness of former adjudication.

■ Where the action in which the judgment was rendered and in which it is asserted as an estoppel are upon different causes of action but between the same parties or their privies as to any matter actually in issue and determined in the action in which it was rendered, the judgment is conclusive and final in the action in which it is asserted, either on behalf of plaintiff to prove an essential fact or to disprove a defense, or on behalf of defendant to disprove an essential element of plaintiff's case or to establish matters relied on in defense.[8]

■ To constitute an estoppel under the doctrine of res judicata, the action in

4 Hazard Powder Co v. Volger, 3 Wyo. 189, 18 P. 636; Dillard v. St. Louis, K. C. & N. R. Co., 58 Mo. 69; Knowlton v. New York & N. E. R. Co., 147 Mass. 606, 18 N. E. 580, 1 L. R. A. 625.

5A Tuttle v. Everhot Heater Co., 264 Mich. 60, 249 N. W. 467; Cassidy v. Berkovitz, 169 Ky. 785, 185 S. W. 129, 130; Underwood v. Dooley, 197 N. C. 100, 147 S. E. 686, 688, 689, 64 A. L. R. 656; Farmer v. Union Ins. Co. of Indiana, 146 Miss. 600, 111 So. 584, 585; Globe & Rutgers Fire Ins. Co. v. Cleveland, 162 Tenn. 83, 34 S.W.(2d) 1059, 1060; Holcombe v. Garland & Denwiddie, Inc., 162 S. C. 379, 160 S. E. 881; Fields v. Philadelphia Rapid Transit Co., 273 Pa. 282, 117 A. 59, 60; Georgia Ry. & Power Co. v. Endsley, 167 Ga. 439, 145 S. E. 851, 62 A. L. R. 256. See Note 62 A. L. R. 263.

5B Boyd v. Atlantic Coast Line R. Co. (D. C. Ga.) 218 F. 653; Reilly v. Sicilian Asphalt Paving Co., 170 N. Y. 40, 62 N. E. 772, 773, 57 L. R. A. 176, 88 Am. St. Rep. 636; Clancey v. McBride, 338 Ill. 35, 169 N. E. 729; Sodowich v. Heimert, 108 N. J. Law, 59, 154 A. 609, affirmed 109 N. J. Law, 265, 160 A. 635; Ochs v. Public Service Ry. Co., 81 N. J. Law, 661, 80 A. 495, 36 L. R. A. (N. S.) 240, Ann. Cas. 1912D, 255. See also Note 36 L. R. A. (N. S.) 240.

6 Hemming v. Elliott, 66 Md. 197, 7 A. 110; Lewis v. Babcock, 18 Johns. (N. Y.) 443; City of Wheeling v. Trowbridge, 5 W. Va. 353; Ricardo v. News Pub. Co., 73 N. J. Law, 143, 62 A. 301; Meier v. Wagner, 27 Cal. App. 579, 150 P. 797, 799.

7 Stinchcomb v. Patteson, 66 Okl. 80, 167 P. 619; Adams v. City of Duluth, 175 Minn. 247, 221 N. W. 8, 9; Independent Oil & Gas Co. v. Jackson, 148 Okl. 199, 298 P. 266; City of Weatherford v. Rainey, 151 Okl. 183, 3 P.(2d) 153, 154; St. Louis & S. F. R. Co. v. Webb, 36 Okl. 235, 128 P. 252, 253; Bullock v. Hayward, 10 Allen (Mass.) 460, 461.

Section 12, Colo. Code Civ. Proc., reads in part as follows:

"Of the parties to the action, those who are united in interest shall be joined as plaintiffs, or defendants, but if the consent of any one who should have been joined as plaintiff cannot be obtained, he may be made a defendant, the reason thereof being stated in the complaint."

8 Cromwell v. County of Sac, 94 U. S. 351, 24 L. Ed. 195; Hartford L. Ins. Co. v. Ibs, 237 U. S. 662, 35 S. Ct. 692, 59 L. Ed. 1165, L. R. A. 1916A, 765; Tait v. Western Md. Ry. Co., 289 U. S. 620, 623, 53 S. Ct. 706, 77 L. Ed. 1405; Baldwin v. Iowa State Traveling Men's Ass'n, 283 U. S. 522, 525, 51 S. Ct. 517, 75 L. Ed. 1244; City of New Orleans v. Citizens' Bank, 167 U. S. 371, 397, 17 S. Ct. 905, 42 L. Ed. 202; Divide Creek Irrigation Dist. v. Hollingsworth (C. C. A. 10) 72 F. (2d) 859, 862, 96 A. L. R. 937.

which the judgment was rendered and in which it is asserted as an estoppel, must be between the same parties or their privies.[9A] But where both the party asserting the judgment as an estoppel and the party against whom it is asserted were parties to the action in which the judgment was rendered, it is no objection that such action included some additional parties who are not joined in the action in which it is asserted.[9B]

To raise an estoppel by judgment, it is not only necessary that the party sought to be bound should have been a party to both actions, but he must have appeared in both in the same character or capacity.[10]

The reason for the rule is stated in Rathbone v. Hooney, 58 N. Y. 463, 465, 467, 468, as follows:

"A judgment against a party sued as an individual is not an estoppel in a subsequent action in which he sues or is sued in another capacity or character. In the latter case he is in contemplation of law a distinct person and a stranger to the prior proceedings and judgment."

In the former action the plaintiff here sued for damages to her joint property and in the instant case she sued for damages to her sole property, but in both cases she has sued individually and not as the representative of another. In each case she has claimed in her own right, and not through or as the representative or successor of another. See Adams v. City of Duluth, 175 Minn. 247, 221 N. W. 8; Brown v. Missouri Pac. Ry. Co., 96 Mo. App. 164, 70 S. W. 527; Cook v. Rice, 91 Cal. 664, 27 P. 1081; Lindsey v. Town of Danville, 46 Vt. 144, in each of which, under analogous facts, a former judgment was held conclusive under the doctrine of res judicata.

We conclude the plaintiff here sued in the same capacity in both actions.

In Christy v. Tancred, 9 Mees. & W. 438, the court said:

"There is no authority that a judgment against A and B jointly is evidence in an action against A alone, because it may have proceeded on an admission of B, which might or might not be evidence against A according to circumstances."

See Note Freeman on Judgments (5th Ed.) § 417. Here, however, the judgment was against the defendant alone and the principle of that case has no application.

We conclude the former judgment is binding upon the defendant in the instant case on the issue of its negligence.

The judgment is reversed with instructions to grant the plaintiff a new trial.

---

[9A] Divide Creek Irrigation Dist. v. Hollingsworth (C. C. A. 10) 72 F.(2d) 859, 861, 862. 96 A. L. R. 937; Ramsey v. United States (C. C. A. 5) 61 F.(2d) 444, 445; Strother v. Commissioner (C. C. A. 4) 55 F.(2d) 626, 630; King City v. Southern Surety Co., 212 Iowa, 1230, 238 N. W. 93, 96; Giedrewicz v. Donovan, 277 Mass. 563, 179 N. E. 246; Mann v. Bugbee, 113 N. J. Eq. 434, 167 A. 202, 204; Myers' Adm'x v. Brown, 250 Ky. 64, 61 S.W.(2d) 1052, 1053.

[9B] Fulsom v. Quaker Oil & Gas Co. (C. C. A. 8) 35 F.(2d) 84, 90; Missouri Pac. R. R. Corp. v. Nebraska State Ry. Comm. (C C. A. 8) 65 F.(2d) 557, 562; Southern Cotton Oil Co. v. Shelton (C. C. A. 4) 220 F. 247, 261; Green v. Bogue, 158 U. S. 478, 503, 15 S. Ct. 975, 39 L. Ed. 1061; Thompson v. Roberts, 24 How. 233, 241, 16 L. Ed. 648; First Nat. Bank of Burns v. Buckland, 130 Or. 364, 280 P. 331, 333; Walker v. Manzke, 222 Mo. App. 816, 10 S.W.(2d) 316, 317.

[10] Troxell v. Delaware, L. & W. R. Co. (C. C. Pa.) 185 F. 540, 541; Id., 227 U. S. 434, 33 S. Ct. 274, 57 L. Ed. 586; Carey v. Roosevelt (C. C. A. 2) 102 F. 569, 571; Kirk v. Metropolitan Life I. Co., 225 Mo. App. 756, 38 S.W.(2d) 519, 521; Emerson-Brantingham Imp. Co. v. Riverton Elevator Co., 43 Wyo. 67, 297 P. 393, 396; Travis Glass Co. v. Ibbetson, 186 Cal. 724, 200 P. 595, 598; Frost v. Thompson, 219 Mass. 360, 106 N. E. 1009, 1011; Held v. Houser, 53 Colo. 363, 127 P. 139, 140.