**BECK, Atty. Gen., et al., v. HILL et al.**

No. 1487.

Circuit Court of Appeals, Tenth Circuit.

June 12, 1937.

John G. Egan and Ralph F. Glenn, both of Topeka, Kan. (Clarence V. Beck, Atty. Gen., of the State of Kansas, on the brief), for appellants.

D. E. Hodges, of Oklahoma City, Okl. (Edgar S. Vaught, Jr., of Oklahoma City, Okl., and Kagey, Black & Kagey, of Wichita, Kan., on the brief), for appellees.

Before PHILLIPS and BRATTON, Circuit Judges, and KENNEDY, District Judge.

PHILLIPS, Circuit Judge.

This suit was brought on February 10, 1936, by Roy H. Hill, Puilla Hodges and Anna M. Hill, doing business as The Newkirk Burial Association, to restrain Clarence V. Beck, Attorney General of Kansas, Earl N. Wright and M. C. Anders, county attorney and sheriff respectively of Cowley County, Kansas, Sidney L. Foulston and Charley Hoover, county attorney and sheriff respectively of Sedgwick County, Kansas, John A. Potucek and Jesse L. Harris, county attorney and sheriff respectively of Sumner County, Kansas, and J. P. Sappington, president of the State Board of Embalming of the State of Kansas from interfering directly or indirectly with the lawful operation of plaintiff's business in the state of Kansas, on the ground that the Association is engaged in interstate commerce and that prohibiting the operation of said business would violate plaintiff's rights under the provisions of section 1 of the Fourteenth Amendment to the United States Constitution.

The defendants in their answer, among other things, alleged a prior adjudication of the same issues in a suit in the District Court of Cowley County, Kansas, and set up such judgment as a bar.

After a hearing, the trial court made findings of fact and conclusions of law as follows: That the Association is a nonprofit association organized under the laws of Oklahoma having its principal place of business at Newkirk, Oklahoma, and is not engaged in the insurance business in Oklahoma or Kansas; that the plaintiffs are engaged in interstate commerce and that the defendants have discriminated against them by refusing to permit them to conduct funeral services in Kansas in violation of their constitutional rights and that the state court decree does not affect this action because the Association was incapable of suing or being sued in its own name in Kansas.

A decree was entered thereon restraining and enjoining the Attorney General of Kansas and his subordinates and each of the defendants from interfering with the operation of plaintiffs' business in the state of Kansas. This is an appeal from that decree.

The material facts are as follows:

The Association, an unincorporated body, was formed by Roy H. Hill, Puilla Hodges and Anna M. Hill on December 12, 1932, pursuant to the laws of Oklahoma.[1]

The business of the Association was conducted by its agents and servants, who went from Oklahoma into Kansas and made contracts with citizens of the latter state, called members, whereby it agreed, in consideration of $1 and further assessments of 50 cents from time to time, to take their bodies, upon their demise, from their location in Kansas to Newkirk, Oklahoma, and there prepare the bodies for burial, furnish suitable burial clothing and a casket, transport the body back to Kansas from where it had been taken and conduct the burial service at the cemetery. Such burial service was not to exceed in value $100.

Earl N. Wright, County Attorney of Cowley County, Kansas, filed a suit in the District Court of Cowley County entitled:

"The State of Kansas, ex rel. Earle N. Wright, as County Attorney of Cowley County, Kansas, Plaintiff; vs. Roy H. Hill, Anna Hill, Puilla Hodges, Leo Hall, George Alberti, Ed. Simpkins and The Newkirk Burial Association, Defendants. No. 22586."

The petition alleged that the Association is a voluntary association with its principal place of business in Newkirk, Oklahoma, and is engaged in the business of selling certificates of burial insurance under the terms of which it guarantees to furnish the purchaser a burial of the value of $100.00; that the Association is owned, managed and controlled by defendants Roy H. Hill, Anna Hill, Puilla Hodges, Leo Hall, George Alberti and Ed Simpkins and is operated for their personal profit; that the individual defendants had conducted numerous funerals in Cowley County of persons holding certificates in the Burial Association and had received pay from the Association for conducting said funerals; that the Association is not authorized to do business in Kansas and is carrying on its operations in violation of the insurance laws of Kansas; that in conducting said funerals in Cowley County of certificate holders, the defendants, Roy H. Hill, Anna Hill, Puilla Hodges, Leo Hall, George Alberti, and Ed Simpkins, were acting as agents of the Association and in furtherance of a plan and conspiracy to violate the insurance laws of Kansas. The petition prayed that each of the defendants be restrained and enjoined from committing any of the acts complained of and that each defendant be perpetually enjoined from doing any act or thing to aid or abet the Association in carrying on its business in Kansas.

The defendants filed an answer in which they denied that they were engaged

[1] Section 10453, Okl.St.1931 (36 Okl. St.Ann. § 19), reads as follows:

"Burial associations—not required to comply with insurance laws. * * *

"All associations now operating or that may be hereafter organized which are non-profit sharing in their operations and pay no fees or salaries to any of their officers and have no capital stock and pay not to exceed one hundred dollars ($100.00), as a burial fund to the beneficiary or beneficiaries named in the certificate issued by them or only furnish a burial outfit, and burial, the total amount of which shall not exceed one hundred dollars in value to those entitled thereto under the said certificate, and which associations do not make an assessment against their members until and unless the fund on hand derived from membership fees, or assessments, in the treasury of said association would only pay for the burial of one adult entitled to a burial by said association, shall be exempt from the operations and the effect of the insurance laws of the State of Oklahoma, and shall not be required to comply with the insurance laws of the said state; provided, that money collected by said associations shall be held as a trust fund for the benefit of the beneficiaries and that at least seventy-five per cent. of the membership fees collected from the members, shall be accounted for and paid into this fund and that all of any future assessments of members shall be paid into this fund.

"That the treasurer of said association be required to file with the court clerk of the county in which the association is organized, a surety bond running in the name of the State of Oklahoma; said bond to be approved by the court clerk of such county, and to be conditioned that the funds of the association will be held and applied as a trust fund to be paid out only in accordance with the purposes of the association, which bond shall at all times be equal to the amount of the trust fund on hand in such association, and in no event to be less than one thousand dollars ($1000.00)."

in the insurance business within the state of Kansas and maintained that they had full right and authority when requested by relatives of deceased members to transport a corpse from Kansas into another state, to prepare it for burial and transport it back to Kansas and conduct burial services and that to prohibit it from doing so would place a burden upon and directly interfere with interstate commerce.

The state court found that at the time of the bringing of the suit, the Association was conducting an insurance business in Kansas in violation of the insurance laws of that state and entered a decree reading in part as follows:

"It Is Therefore Considered, Ordered and Adjudged by the court that the temporary injunction heretofore issued in this action be and the same is hereby made permanent as to the defendant, the Newkirk Burial Association, and

"It Is Further Considered, Ordered and Adjudged that the Newkirk Burial Association, its servants, agents, officers and employees should be and hereby are perpetually enjoined from conducting funeral services in the State of Kansas under its contract as offered as evidence in this case and that said Newkirk Burial Association be ousted from doing business in the State of Kansas.

"It Is Further Considered, Ordered and Adjudged that this action be dismissed and the temporary injunction dissolved so far as all defendants, save and except the defendant, the Newkirk Burial Association, are concerned."

On December 20, 1935, the Association served notice of an appeal. This appeal was later abandoned. On February 3, 1936, the plaintiffs served notice of a cross-appeal on the defendants Roy H. Hill, Anna Hill, Puilla Hodges, Leo Hall, George Alberti and Ed Simpkins. On July 1, 1936, which was after the decree in the instant case, the Supreme Court of Kansas entered an order modifying the state court decree whereby the defendants, Roy H. Hill, Anna Hill, Puilla Hodges and George Alberti were individually enjoined by such decree.

The doctrine of res judicata embodies two main rules which may be stated as follows:

■ (1) The final judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to a new action or suit upon the same cause of action either before the same or any other tribunal.

■ (2) Any right, fact or matter in issue and directly adjudicated, or necessarily involved in the determination of an action before a competent court in which a judgment or decree has been rendered upon its merits, is conclusively settled by the judgment therein and cannot again be litigated between the same parties and their privies, whether the claim, demand, purpose or subject-matter of the two suits is the same or not.

The principle of the first rule is referred to as "bar by former judgment," and the second as "conclusiveness of judgment."[2] Whether the Association could be sued in its own name as such is not here material. Its officers and agents were parties to the state court action and the injunctive decree of the state court ran against such officers and agents, although they were not personally named until the modification made by the State Supreme Court.

■ The state court suit was brought by the state through its duly authorized law enforcement officers to enjoin the Association, its officers, agents and representatives from doing business in the state of Kansas. The instant suit was brought by the officers of the Association in behalf of the Association against the state and its law enforcement officers to enjoin the state and its officers from interfering with the transaction of business by the Association, its officers and agents in the state of Kansas. The grounds set up for the relief sought in the instant suit were urged as defenses in the state court action. The two suits were between the same parties and their privies. The issues involved were identical. It follows that the decree of the state court was conclusive of the issues involved in the instant suit and that the relief sought should have been denied.

Reversed and remanded with instructions to dissolve the injunction and dismiss the bill.

---

[2] See Henderson v. United States Radiator Corporation (C.C.A. 10) 78 F.(2d) 674, 675, and cases cited, notes 1, 2 and 3 thereto.