## JOHNSON v. FORSTALL et al.

Where a final judgment has been rendered against a plaintiff, in an action on a bill of exchange, on a plea of prescription, the judgment will be conclusive against him in a subsequent action on an account current, the balance in which results from the nonpayment of the bill. The cause of action being the same in both suits, plaintiff cannot, by merely changing the form of his pleadings, avoid the consequences of the first judgment.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Perin* and *Kellog*, for the appellant. *Conklin* and *McCarty*, for the defendants. The judgment of the court was pronounced by

KING, J. The plaintiff instituted a suit, in 1844, against the defendants, on two bills of exchange, drawn upon and accepted by the latter, and protested for non-payment. The prescription of five years was pleaded to that action. The exception was sustained, and a final judgment rendered against the plaintiff. Subsequently the plaintiff instituted the present suit on an account current, into which the two bills of exchange are carried. The balance which appears by the account to be due, is claimed. That balance results from the non-payment of the two bills in question, and such is the averment in the petition. To this suit the plea of *res judicata* was opposed; the plea was sustained, and the plaintiff has appealed. He contends that the cause of action in the two suits is not the same, the one being founded on an open account and the other on bills. The debt alleged to be due by the defendants is the foundation of the plaintiff's claim. The bills in the one suit, and the account alleged to have been acknowledged in the other, are only the evidence of the debt. The indebtedness alleged in both results from the non-payment of the accepted bills. The cause of action in both is clearly identical. The plaintiff, after having suffered a definitive judgment to be rendered against him in the first suit, rejecting his demand as extinguished by prescription, cannot now, by merely changing the form of his pleadings, avoid the consequences of the first judgment, which has not been reversed or annulled, and still stands in full force against him.

*Judgment affirmed.*