## No. 11,469.

## W. H. HOWCOTT, J. E. AND F. X. RANSDELL vs. BOARD OF COMMISSIONERS OF THE FIFTH LOUISIANA LEVEE DISTRICT.

1. An assessor can not bring together a number of distinct properties belonging to different individuals—fix a single valuation upon them as a whole, and, ascribing the ownership of them all to one of the owners, assess taxes against him to the full amount of the assessment on that false assumption.
2. The act of the tax collector in advertising and adjudicating said properties in block to the State in enforcement of the delinquent taxes thereon so assessed, was without legal authority.
3. Property of one person can not be sold confusedly with those of others where there is no privity of estate between the parties; one person's property can not be sold to pay the debt of another.
4. The transferrees from the State of property held by it under such a title are not protected by the prescription of three and five years.

APPEAL from the Seventh District Court, Parish of Madison. *Montgomery, J.*

---

*Jos. E. Ransdell* Attorney for Plaintiffs and Appellees:

1. An illegal assessment is insufficient description of property and want of notice on radical defects. A tax sale under such conditions will be invaded and not protected by the prescription of either three or five years. 32 An. 228; 34 An. 123; 29 An. 510; 35 An. 1086; 37 An. 356.
2. Description in tax deed must be the same as that on assessment roll, which is the warrant to collect. Rougelot vs. Quick, 34 An. 126; Blackwell, pp. 123, 278.
3. Taxes must be legally due in their entirety, otherwise the sale is void. Rougelot vs. Quick, 34 An. 126.

Howcott and Ransdell vs. Board Levee District.

4. There is no actual assessment of property as contemplated by law, when it is not assessed to the owner, *and is confusedly assessed with other property.* McWilliams vs. Michel, 43 An. 984.

5. An assessment is defective and a sale thereunder *null and void* when the property is owned in indivision, and is assessed to the estate of a deceased co-proprietor when he lived and died in another parish. Norris vs. Hays, 44 An. 904. The promiscuous commingling in an assessment of the lands belonging to several different proprietors (as in the instant case) is analogous to the case of lands owned in indivision, hence the sale thereunder would be] null and void.

6. If the description includes more than the taxpayer really owns, the assessment will be void. For example, if the area of the tract, or the taxpayer's interest therein, is exaggerated the mistake is fatal. Saunders on Taxation, 108, and other authorities cited.

7. Separate tracts of land must be assessed separately and sold separately. When the property is assessed and sold in block, Art. 210 of the Constitution is violated, and the sale will be annulled. Saunders, p. 107, and authorities; Norres, Tutor, vs. Davis, 44 An. 907.

8. A tax sale of property, assessed in the name of one who is not the owner, is an absolute nullity and passes no title. LeBlanc vs. Blodget, 34 An. 107; 28 An. 537. Hence these sales were absolute nullities, beyond question, as to all lands which did not belong to Lambdin, or to Byrne, and if absolute nullities as to over one-half of the land included therein, it logically follows that they are null in toto.

---

*W. M. Murphy* for Defendant and Appellant:

1. Any attack upon the validity of a tax sale, except for the want of an essential prerequisite, is barred by the prescription of three years. Acts of 1874, page 155; *In re* Douglas, 41 An. 765; 40 An. 142; Barrow vs. Wilson, 39 An. 410.

2. All informalities connected with or growing out of any public sale are prescribed against by the lapse of five years. 33 An. 1174; 14 An. 777; 29 An. 535; 33 An. 673; 21 An. 584.

3. In every case where a tax sale has been annulled for insufficiency or illegality of the assessment, it will be found that the property has not been sufficiently described for its identification. 29 An. 510; 15 An. 15; 14 An. 709.

---

The opinion of the court was delivered by

NICHOLLS, C. J. In the years 1880, 1881 and 1882, the assessor of East Carroll parish assessed together, in the name of Samuel H. Lambden, a large body of lands separately described by numbers of township, range, sections and subdivisions of sections, at a valuation in block for all the lands, the same aggregating some nineteen hundred or more acres.

During the same years the assessor also assessed in similar manner

a large body of land aggregating two thousand and seventy-three acres in the name of Charles Byrnes.

In April, 1883, the tax collector of East Carroll advertised these lands for sale for delinquent taxes. The advertisements followed the assessments. At the sale made under the advertisements both bodies of land (each sold in block) were adjudicated to the State as the last and highest bidder.

The State subsequently transferred these lands to the defendant' the Fifth Louisiana Levee District.

On the 16th of May, 1892, plaintiffs instituted the present suit, in which they allege themselves to be the owners of certain described property included in the two sales referred to, by purchase from their former owners, Samuel H. Lambden and Charles Byrnes. In their petition they refer to and attack the sales of the said properties to the State as being nullities and a cloud upon their title. They pray for judgment annulling and setting aside any claim or title of the Fifth Louisiana Levee District to the lands described in their petition and quieting them in their own title to the same.

The attack upon both sales is substantially the same, varying only as to names of parties and description of lands.

They aver that no valid assessment of these lands was made. That only a small portion of the lands described in the assessments belonged to the parties in whose names they were assessed; that the greater portion belonged to other parties; that the portion belonging actually to the parties named was blended and confused with property of other persons, and charged with taxes not due by it. That a portion of the lands assessed to Lambden was situated in West and not in East Carroll, and a portion of the lands described was at a distance of many miles away and entirely separate from the other portion.

They aver that there was a large discrepancy in the lands assessed in the name of Byrnes, between the acreage set out in the tax rolls and the true acreage indicated by the description, and that the amount of taxes for which the property was sold being calculated upon an erroneous acreage was largely in excess of what was due by the 1020 acres of Byrnes land which was really included in the tax collector's deed.

That the lands were illegally sold confusedly with property belonging to other people and for taxes due for such other lands.

They charge that notice was not given to Lambden & Byrnes as required by Art. 210 of the Constitution. The defendants pleaded, first, as an exception, "the prescription of three years in bar of plaintiff's right to bring this action to invalidate a tax title under which defendants hold possession in good faith."

They next answered by a general denial, and pleaded the prescription of five years against all the alleged informalities charged in the petition.

Judgment was rendered in the District Court against the defendants, and in favor of the plaintiffs, in conformity to their prayer, and the defendants appealed.

The evidence establishes that a large part of the property assessed to Lambden and a large part of that assessed to Byrnes belonged not to them, but to other persons; that a part of that assessed to Lambden was in another parish, and a portion was entirely separate from the other lands and many miles away.

The witnesses testify: "That whilst Byrnes was assessed on 2078 acres the description of the land per official survey shows only 940 belonging to him *plus* 300 acres belonging to other parties; the whole amounting to 1240 acres instead of 2078." We do not think plaintiffs have shown want of notice to the former owners. The sales under the assessments having been made in block, and following the assessments, the question submitted to us is whether the former owners were divested of their title or not, and whether the defendant is protected and secured by the prescriptions set up.

There can be no question as to the assessments made having been wrongly made. The assessor has no legal right to include in one assessment and under one valuation properties belonging to different persons (Persons vs. O'Neal, 32 An. 228; Workingmen's Bank vs. Lannes, 30 An. 871) and the State, through its officers, had no right to sell together properties of different individuals assessed in that manner.

In suits between private individuals conducted under ordinary proceedings, where the rules of proceedings are far less rigorous than in tax proceedings, it has been on several occasions held that the property of one person could not be sold confusedly with that of another where there is no privity of estate between the parties. See Mavor vs. Armant, 14 An. 178, and Savage vs. Williams, 15 An. 252.

The property of one person can not legally be sold to pay the debt of another, even though through the sale a debt of his own may be paid, and the tax collector was without power or authority to do so. We are of the opinion that the prescriptions pleaded do not apply to this case.

For the reasons assigned it is hereby ordered, adjudged and decreed that the judgment of the District Court be and the same is hereby affirmed.