On Rehearing.
NICHOLLS, C. J.
We have, upon application of the defendants, re-examined the issues raised in this case, and we find no grounds upon which to change our original conclusions.
Plaintiffs, without making application for a rehearing, have filed a brief suggesting that we alter our findings in some respects. We presume this modification was asked for contingently, as a matter of defense, under the decision in Davis v. Glenn, 3 La. Ann. 446, where it was said that “although an appellee, by failing to amend his answer seasonably, lose the right to attack the judgment for the purpose of changing it in his favor, he has the right to avail himself of any error made to his detriment * * * as a protection against a change asked for by appellant.” We do not think the situation, as matters stand, is such as to call for any change. It is not pretended that Mrs. Sarah George ever owned in her own right, separately, what is referred to throughout these proceedings as the “John George, Jr., head-right.” It is immaterial for the purposes of this cause whether that “headright” was the individual property of John George Jr., or whether it belonged to the community between himself and his wife, Sarah.
However this may have been, the assessment of the property as made was radically wrong, and this carried with it nullity of the sale made under it, under the decision of the court in Howcott & Randell v. Board Levee District. 46 La. Ann. 325, 14 South. 848.
For the reasons heretofore given, and for those now assigned, it is hereby ordered, adjudged, and decreed that the judgment heretofore rendered herein remain undisturbed as the judgment of this court.
BREAUX and BLANCHARD, JJ., dissent in this case.