BENJAMIN P. ROGERS *vs.* JAMES SHEA.

Suffolk. November 9, 1914. — November 30, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, DE COURCY, & CROSBY, JJ.

*Res Judicata. Bills and Notes*, Indorser, Signature without authority. *Partnership. Agency*, Agent's liability for unauthorized acts.

Where one of three trustees, who conduct a business under a firm name, without authority indorses upon a negotiable promissory note the name of the firm followed by the word "by" and his own name, and a holder of the note in due course brings an action of contract upon the note against the maker and the three trustees as indorsers in which there is a finding and a judgment for the defendant indorsers, the holder thereafter cannot maintain an action of contract on the note against the trustee who signed the note either on the ground that he is an indorser of the note, or on the ground that he is liable as an indorser by reason of the fact that he wrote the firm name thereon without authority. *Whether* the defendant in such an action would be liable in an action of tort for falsely representing that he had authority to indorse the note, or could be held responsible as on an implied warranty, or otherwise, was not decided.

DE COURCY, J. This action was brought upon a promissory note of which the following is a copy:

"$450.00                              Boston, November 29th, 1909.

Two months after date we, jointly and severally promise to pay to the order of ourselves, Four Hundred and Fifty Dollars, at any Bank in Boston. Value received.

No.          Due Jan. 29th, '10.

James J. Grace

Margaret A. Grace "

[Indorsements:]  " James J. Grace, Margaret A. Grace, Pierce J. Grace,

John Shea & Co. by James Shea."

The first count is based upon the allegation that the defendant duly indorsed the note; and the second count upon his alleged liability as indorser by reason of writing thereon the name of John Shea and Company without authority.*

It appeared at the trial that "John Shea & Company" was the name under which Julia A. Shea, Charles Shea and James Shea were conducting a hotel business as trustees; that a former action had been brought on this same note, by the present plaintiff against the defendant and the other parties thereto; and that after a trial in the jury waived session of the Superior Court a finding had been made in favor of all the defendants, on which judgment was entered. In that former action every ground on which James Shea, the present defendant, could be held legally liable upon the note was open to the plaintiff. The judgment then rendered in favor of all the defendants settled the non-liability of James Shea to the plaintiff on the note in suit. *Cotter v. Boston & Northern Street Railway,* 190 Mass. 302. *Edwards v. Columbia Amusement Co.* 215 Mass. 125. · No question was raised at the trial as to the admissibility of the evidence of *res judicata* under the general denial in the answer (see *Foye v. Patch,* 132 Mass. 105); and it is apparent that the judge, with all the facts before him, based his ruling on the evidence, irrespective of any question of pleading. The first ruling requested by the defendant should have been given.

Whether the defendant would be liable in an action of tort for falsely representing that he had authority to indorse the note in the name of John Shea and Company, or could be held responsible to the plaintiff on an implied warranty or otherwise, is not before us in this action on the note. See *People's National Bank of Boston v. Dixwell,* 217 Mass. 436, and cases cited.

*Exceptions sustained.*

*E. F. Schwarzenberg,* for the defendant.

*R. G. Kilduff,* (*B. P. Rogers* with him,) for the plaintiff.

---

* The case was tried before *Bell,* J., without a jury. He refused to rule, as requested by the defendant, that on all the evidence the plaintiff was not entitled to recover, and found for the plaintiff in the sum of $652.20. The defendant alleged exceptions.