EMERSON-BRANTINGHAM IMPLEMENT CO. v.
RIVERTON ELEVATOR CO., ET AL.
(No. 1665; March 31, 1931; 297 Pac. 393)

For plaintiff in error there was a brief by *G. H. Paul*, of Riverton, Wyoming.

For the defendants in error there was a brief by *A. C. Allen*, of Riverton, Wyoming.

*G. H. Paul*, in reply.

RINER, Justice.

In this case the District Court of Fremont County granted a motion made by the defendants for judgment on the pleadings against the plaintiff below, the Emerson-Brantingham Implement Company, a corporation. That company then instituted these proceedings in error to have this judgment reviewed here, and whether the trial court ruled correctly in the matter is the decisive question before us.

On September 23, 1926, the action wherein the judgment aforesaid was rendered, was commenced in the District Court above mentioned. Plaintiff's petition was entitled, "Emerson-Brantingham Implement Company, a Corporation, Plaintiff, vs. Riverton Elevator Company, a Corporation, and T. Taylor Buck, J. H. Mitchell, Squire Jones, Oscar W. Nicholson, and C. A. Davison, as Directors of Riverton Elevator Company, and T. Taylor Buck, J. H. Mitchell, Squire Jones, Oscar W. Nicholson, and C. A. Davison, Defendants." After alleging the corporate existence of both the plaintiff, hereinafter so mentioned or as the "Implement Company", and the defendant, the "Riverton Elevator Company," subsequently generally referred to as the "Elevator Company," and that on December 19, 1922, and for the year following that date Buck, Mitchell, Jones, Nicholson and Davison were the directors of the Elevator Company, the pleading in substance avers that the Elevator Company, on the date last mentioned, entered into a written contract with the plaintiff to purchase certain machinery and implements by which the title thereto was to remain in the plaintiff until sold, and the money received therefor was to be the latter's property to the amount fixed by the terms of the contract for each item so sold; that this contract, a copy of which is attached to and made a part of the pleading, was to continue until October 31, 1923; that said contract was signed by plaintiff or its duly authorized agent and by the Elevator Company, by its agent; that a separate agreement was attached to said contract, guaranteeing "all the matters set out" therein as follows:

"We the undersigned guarantee the within contract made with the Riverton Elevator Company.

(signed)   T. Taylor Buck,<br>
J. H. Mitchell,<br>
Squier Jones,<br>
Oscar W. Nicholson,<br>
C. A. Davison.

S. C. Brady<br>
as witness.               Riverton, Wyoming, 12/19/22."

that plaintiff, relying upon this guarantee, sold and shipped to the Elevator Company certain machinery and implements, an itemized statement of the account thereof being given; that there is an unpaid balance of $1848.26 owing plaintiff by the defendants and each of them, in accordance with the contract and guarantee, and said defendants have failed to account to plaintiff for the money received from the sale of the machinery and implements, although demand has been made therefor. Judgment is asked against the defendants and each of them for the sum due as aforesaid, and that defendants account to plaintiff for all the merchandise sold by it to the Elevator Company.

The defendants Davison, Mitchell and Nicholson filed an answer, setting forth two defenses, the first of which, while admitting the execution of the contract aforesaid, that defendants were directors of the Elevator Company on December 19, 1922, and the corporate existence of the Implement Company and the Elevator Company, was a general denial as to all other averments of the petition. The second defense was to the following effect: That on October 21, 1924, the plaintiff began an action in the District Court aforesaid against these defendants upon five promissory notes which were alleged to represent the balance due from the defendants for merchandise sold to the Elevator Company, the purchase price of which was guaranteed by those executing the written guarantee quoted above; that the indebtedness sought to be recovered in the previous action begun by plaintiff and that sued for herein, are identical. The pleadings in this prior litigation are then set forth

verbatim. The answer also avers in substance that on June 3, 1925, the first action was tried and a judgment was given against the Elevator Company in favor of the plaintiff, but that all the individual defendants were awarded a judgment against the plaintiff to the ''effect that they were not liable upon the alleged cause of action against them,'' and that judgment is likewise pleaded verbatim.

The answers of the other defendants were, with minor variations not material here, of similar purport. The pleadings in the earlier action thus relied on by the defendants —which action will be generally subsequently referred to by its District Court number of 3613—are in outline as follows: The petition is entitled the same as in the case at bar, with the exception that the names of the individual defendants aforesaid, while given, are not repeated and designated ''as directors of Riverton Elevator Company.'' There are then incorporated in this petition five separate causes of action, on as many promissory notes, alleged to have been given by the Elevator Company to the Implement Company, as payee, which are stated to be due and unpaid. The pleading then alleges:

''4th. That the said notes represented a balance due from the defendants for goods, wares and merchandise, sold and delivered to the Riverton Elevator Company, defendant, at Riverton, Wyoming, in accordance with the orders signed by the representatives of the said Riverton Elevator Company all with the knowledge and consent of the Board of Directors, of the said Riverton Elevator Company.

''5th. That the officers, directors and stockholders of the said Riverton Elevator Company, one of the defendants herein, before the said order for said goods, wares, and merchandise, was accepted by the plaintiff and before said merchandise was shipped to said defendant Riverton Elevator Company, whose names appeared herein as party defendants, in order to have said goods shipped as ordered, guaranteed the payment of said debt, which said guarantee, together with the names of the party defendants so signing said guarantee and with said date so signed is in words and figures as follows, to-wit:

"We, the undersigned guarantee the within contract made with The Riverton Elevator Company. Signed, T. Taylor Buck, J. H. Mitchell, Squier Jones, Oscar W. Nicholson, C. A. Davison. Witness: S. C. Brady, Riverton, Wyoming. 12-19-22.

"6th. That pursuant to said guarantee, the plaintiff herein did ship to the defendant Riverton Elevator Company, the goods, wares, and merchandise so ordered, and (it) made, executed and delivered its promissory notes in the sum hereinbefore set out, representing the amount of the purchase price of the said goods, wares and merchandise so ordered, and no part of said balance so claimed to be due has been paid.

"7th. That in accordance with the terms of said notes sued upon the defendants agreed to pay an attorney's fee in the sum of ten per cent of the amount of the said notes, which would be $271.50.''

The pleading concluded by praying for judgment in the amounts of the several notes with interest, costs and attorney's fees. The answer to this petition, filed by the defendants in the former action, was a general denial and it was further pleaded that the agent who signed the contract mentioned above for the Elevator Company was without authority to bind said company or any of the defendants. The reply of the Elevator Company to this answer was a denial of all the new matter therein contained.

The judgment pleaded as entered in case No. 3613, recites the taking of evidence, the submission of the cause upon argument to the court, and a finding generally in favor of the Implement Company and against the Elevator Company, also a finding in favor of the defendants Buck, Mitchell, Jones, Nicholson and Davison and against the plaintiff. It was accordingly adjudged that plaintiff recover from the Elevator Company the several amounts found to be due on each of the five notes, and that it "recover nothing of the defendants" last above named.

The Elevator Company appears to have filed no answer in the instant case, neither was it served with summons in error.

To these answers of the defendants other than the Elevator Company in the case at bar, the Implement Company filed replies, admitting,—"as set out in the second defense, that a petition was filed, and an answer and reply was filed as alleged in said second defense, and that a judgment was rendered against the defendant Riverton Elevator Company, for the sum so found to be due on the several promissory notes therein described, and that said notes were given by the said Riverton Elevator Company to represent the sums due on said contract, and that said judgment so rendered was the amount ascertained to have been due on the contract entered into between the plaintiff and the defendant Riverton Elevator Company, and that said sum is still due and unpaid." These replies contained additional allegations reiterating the averments of plaintiff's petition and denying all new matter contained in said answers not admitted.

The plaintiff in error insists that the causes of action sued upon in case No. 3613 and in this case are not the same— the "one being a suit on promissory notes and the case at bar being a suit for judgment and accounting for property received by the said defendants in error, sold by them and the proceeds of said sale not paid to plaintiff" in accordance with the requirements of the contract aforesaid.

But it is admitted by the plaintiff's replies that the promissory notes sued upon in the first action were given by the Elevator Company "to represent the sum due on the said contract,"—in brief, the amounts due as the purchase price of the merchandise sold. The case now in hand would appear to be nothing more or less than another action to recover the same thing, however such action may be undertaken to be disguised by the language of the petition here.

In 34 C. J. 853, it is said:

"When a bond and note are both given for the same debt, a judgment on the bond will bar an action on the note.

"A successful defense on the merits in an action either on the principal debt or the collateral will bar an action on the other."

In Johnston v. Forstall, 3 La. Ann. 446, the court, in discussing a situation somewhat resembling that now under consideration, expressed its conclusions thus:

"The plaintiff instituted a suit, in 1844, against the defendants, on two bills of exchange, drawn upon and accepted by the latter, and protested for non-payment. The prescription of five years was pleaded to that action. The exception was sustained, and a final judgment rendered against the plaintiff. Subsequently the plaintiff instituted the present suit on an account current, into which the two bills of exchange are carried. The balance which appears by the account to be due, is claimed. That balance results from the non-payment of the two bills in question, and such is the averment in the petition. To this suit the plea of *res judicata* was opposed; the plea was sustained, and the plaintiff has appealed. He contends that the cause of action in the two suits is not the same, the one being founded on an open account and the other on bills. The debt alleged to be due by the defendants is the foundation of the plaintiff's claim. The bills in the one suit, and the account alleged to have been acknowledged in the other, are only the evidence of the debt. The indebtedenss alleged in both results from the non-payment of the accepted bills. The cause of action in both is clearly identical. The plaintiff, after having suffered a definitive judgment to be rendered against him in the first suit, rejecting his demand as extinguished by prescription, cannot now, by merely changing the form of his pleadings, avoid the consequence of the first judgment, which has not been reversed or annulled, and still stands in full force against him."

Where one Gerber received a note from his employer Sykes, as additional security for a debt arising out of work performed by the former for the latter, and upon its non-payment at maturity brought suit thereon and also included in his pleading the ordinary common counts, upon the trial of the issues Sykes, the defendant, obtained a judgment in his favor. Gerber then brought a new action against Sykes to recover the original debt, i. e. the wages due him by defendant for which the note had been given. Holding that the subject matter of the last suit brought was iden-

tical with that of the one previously instituted upon the note, and that therefore the judgment then entered for defendant constituted a bar to plaintiff's right of action, the court, in Sykes v. Gerber, 98 Pa. St. 179, said:

"For present purposes the verdict settles that the note was not given in payment of the original debt. It evidenced the amount of that debt and when payable, and was itself an additional or cumulative security. The original claim and the note were between the same parties, for the same consideration, and payment of either would have satisfied both. A judgment in favor of the creditor upon either would be a bar to a recovery on the other. And a judgment for the debtor in an action which finally disposed of the note, for equally good reason, is a complete defense against a suit upon the account or claim which the note represented.

"The law does not tolerate a second judgment for the same thing, between the same parties, whether the claim is upon a contract or tort. In the former action the declaration contained the common counts and a special count on the note. The general rule is that it is against the policy of the law to permit a plaintiff to prosecute in a second action for what was included in and might have been recovered in the first, because it would harass the defendant and expose him to double costs. This is so far modified that when claims are distinct, though all might have been recovered in the first action, it will not bar a second for one which was not demanded or proved in the first. But where the contract is entire and there is a recovery upon such contract, the party cannot maintain a second suit even on clear proof that no evidence was given in the first as to part of the demand in controversy. Logan v. Caffrey, 6 Casey 196. The plaintiff might have offered evidence under the common counts, of his claim for labor, as well as the note under the special count, and as they represent one debt this case is within the general rule. The subject matter was the same whichever kind of proof was offered to establish it, and if sustained by both the judgment would be the same as if by one alone."

The indebtedness in the case at bar, is the same whether evidenced by the promissory notes given by the Elevator Company to the plaintiff, or by the account of sales of merchandise under the terms of the contract governing them.

In case No. 3613, the Implement Company confessedly obtained a judgment for indebtedness against the Elevator Company. Although the latter is made a defendant in the present case, was also in default for answer, and although the trial court appears to have entered judgment in favor of all the defendants, including that corporation, yet the plaintiff in error asserts that it makes no claim to error in the record, so far as the Elevator Company is concerned. In its brief it declares that: "It is not the intention of the plaintiff in error to make said defendant in error, Riverton Elevator Company, a party to this appeal." The fair inference from this is, that the Implement Company concedes that the court was right in ruling as it did in this case, as concerns the Elevator Company. If this be so, it is difficult to see why the ruling was not correct as regards the remaining defendants. Their liability on the written guarantee was fully alleged, placed in issue and tried in case No. 3613. The plaintiff undertakes, in the present action, to replead and retry the same question. We are quite unable to agree with the contention of plaintiff in error that the causes of action asserted in the previous and the present case are different.

But it is said that in the first law suit, the defendants "were sued on the guarantee, not as directors of the corporation, but as individuals," while in the present case they are "sued both as directors and as individuals on the contract entered into." And the decision heretofore given in this court, Cook v. Elmore, 27 Wyo. 163, 192 Pac. 824, 827, is cited, where it was said that:

"The principle is also established that a former judgment does not have the effect of *res judicata* unless the second suit is not only between the same parties but between them in the same right or capacity."

In that case it was held that a suit brought by an administratrix to enforce her right in her representative capacity to possession of land held by the defendant under a result-

ing trust for the decedent's benefit, was a different cause of action from a subsequent suit brought by her personally, as heir, to recover title to the same land. This conclusion, however, does not, we think, aid the plaintiff here, as will presently appear. In the course of the opinion filed in that case, Mr. Justice Beard said:

"A judgment in one case is *res judicata* in a subsequent case when the parties to both actions are the same, and for the same cause of action. In such case when the matters in issue in the former case have been decided upon the merits the judgment is a bar to a second suit on the same cause of action and concludes parties and those in privity with them, and also of other matters which the parties might have litigated within the issues as made by the pleadings."

No matters are designated here relative to the liability of the defendants for the indebtedness claimed in the present suit, which the same parties in the previous action (No. 3613) might not have litigated within the issues as made by the pleadings therein. Indeed, there are several answers to the contention of plaintiff in error above suggested. While no fault can be found with the proposition that: "It is not only necessary that the person sought to be bound by the former judgment should have been a party to both actions, but he must have appeared in both in the same capacity or character," (2 Black on Judgments (2nd Ed.) 812, and cases cited)—the principle referred to in the Elmore case, supra—yet, as the same text points out, "it may sometimes happen that all the interests of the party, in his several capacities, are before the court in the same litigation; and in that case, the reason of the rule ceases, and he is bound in all characters." As illustrative of the proposition last mentioned, the following cases are fair examples: In Chandler, et al. v. White Oak Creek Lumber Co., 131 Tenn. 47, 173 S. W. 449, 450, it was held that the judgment rendered in a previous action against a party individually and not as trustee, and also against all the beneficiaries of the trust of which he was trustee, was conclusive against the

trustee in his representative capacity, and the court said on the point:

"To the former proceedings, in which the judgment rendered is here relied on as an estoppel, G. W. Chandler was a party, and likewise every interest which he represented as trustee was before the court. These interests were not, indeed, brought before the court by naming Chandler as trustee, but were directly brought before the court by naming as parties those beneficially interested.

"To have named Chandler as trustee in the former suit would undoubtedly have had the effect of binding those interests which, as trustee, he represented. For a stronger reason, such interests were bound when Chandler himself, and the parties actually owning these interests, were brought before the court.

"In Manigault v. Holmes, 1 Bail. Eq. (S. C.) 283, suit was brought by an executrix in her own right, but to which suit she was a necessary party as executrix, and the rights of her testator were adjudicated in the case. It was held that this judgment was conclusive between an administrator *de bonis non* and the other parties to it, and would not be re-examined in a subsequent suit between such parties.

"In Colton v. Onderdonk, 69 Cal. 155, 10 Pac. 395, 58 Am. St. Rep. 556, the executrix was likewise the devisee of land under the testator's will, and was in possession thereof, pending a settlement of the testator's estate. She brought suit in her own name for trespass to the land. It was held that this suit was a bar to her subsequent recovery for the same cause of action in her capacity as executrix."

So, in Corcoran v. Chesapeake and Ohio, Canal Co., 94 U. S. 741, 745, 24 L. Ed. 190, the plaintiff brought the suit upon certain bonds and the defendant pleaded a prior judgment as a bar. The court, in sustaining the pleading, said:

"It is also argued that in that suit Mr. Corcoran was only a party in his representative capacity of trustee, and he here sues in his individual character as owner of the bonds and coupons, and in this latter capacity is not bound by that decree.

"But why is he not bound? It was his duty as trustee to represent and protect the holders of these bonds; and for

that reason he was made a party, and he faithfully discharged that duty. It would be a new and very dangerous doctrine in the equity practice to hold that the *cestui que trust* is not bound by the decree against his trustee in the very matter of the trust for which he was appointed. If Mr. Corcoran owned any of these bonds and coupons, then he is bound, because he was representing himself. If he has bought them since, he is bound as a privy to the person who was represented.''

After reviewing a number of decisions on the subject, the court, in Williams v. Southern Pacific Co., 54 Cal. App. 571, 202 Pac. 356, 359, declared:

''Without multiplying authorities, it may be stated as a general rule that, where one appears in a representative capacity in one action and in his individual capacity in another action, involving the same subject-matter, without any change in his relation to that subject-matter, a judgment in the one case is conclusive of his rights in the other.''

It was held in Bowman v. Parks, 166 Iowa 403, 147 N. W. 850, that the judgment of dismissal on the merits in an action against the surviving mother and sole beneficiary of an intestate who left both real and personal property, to recover the real estate only, was conclusive against a subsequent action by the same plaintiff against the mother as administratrix, and as an intervening individual defendant to recover on a contract to devise and bequeath all his property to the plaintiff, because the suits were practically between the same parties for the same subject matter.

See also Rogers v. Shea, 219 Mass. 416, 106 N. E. 1018; Fitzgerald v. De Soto Special Road District, 195 S. W. (Mo.) 695.

Again, it will be observed that although in the title of the action, in case No. 3613, the five individual defendants are not named as directors, yet, in paragraph No. 5 of the fifth cause of action included in the petition in that case and quoted above, it is definitely charged that before the order for the merchandise was accepted by the plaintiff

and shipped by it to the Elevator Company, "the officers, directors and stock holders of the Riverton Elevator Company," who were named individually as defendants in the action, "in order to have said goods shipped, as ordered, guaranteed the payment of said debt."

In Linton v. Omaha Wholesale Produce Market House Company, 218 Fed. (C. C. A. 8th Circuit) 331, 335, we find the court saying:

"It is contended by appellant's counsel that, as Adolphus F. Linton was not impleaded in the Becker suit as trustee, but as an individual, in his own right, he cannot be estopped from prosecuting this suit, in which he appears in his capacity as trustee for his children, by the judgment rendered against him in that suit. Here, too, we think the assumption is unfounded. It is true he was not designated in the caption of the Becker suit as a *trustee*, but averments are found throughout the bill in that suit which most clearly disclose that he was there charged with making a claim to the lots in question solely as trustee for his children. It is quite common and altogether proper to describe the capacity of a named defendant or his relationship to other parties in the body of the bill, without disclosing them in the style of the action at all. Not only so, but the defendants in the Becker case pleaded affirmatively that Mr. Linton held title to the lots in question for his children, and the case was tried on that issue. That issue was, therefore, not only made, but fully tried, in the Becker suit."

It is quite plain that the five individual defendants were undertaken to be made parties to the prior action in their official capacities as directors, as well as personally. The guarantee pleaded indicates on its face that they signed it as individuals only. It may be remarked, too, that we fail to see how a cause of action was in any way stated in the present suit against the directors of the Elevator Company. Concluding as we do that the District Court ruled correctly in entering judgment as it did, that judgment is affirmed.

*Affirmed.*

KIMBALL, C. J., and BLUME, J., concur.